DECISION AND JUDGMENT ENTRY
{¶ 1} Randall S. and Cynthia L. Russell appeal the judgment of the Meigs County Court of Common Pleas granting First Collateral Services' motion for summary judgment upon its complaint for foreclosure, and upon the Russell's amended counterclaim. The Russells argue, inter alia, that the trial court improperly granted summary judgment because genuine issues of material fact exist. Because we find that the judgment entry the Russells appeal is not a final appealable order, we dismiss this appeal.
 I. {¶ 2} On March 26, 2001, First Collateral filed a complaint for foreclosure against the Russells. First Collateral alleged, inter alia, that it was the owner and holder of a note and mortgage executed by the Russells, and that the Russells defaulted on the note by failing to make payments according to the terms of the note. The Russells filed an answer and counterclaim. They later filed an amended counterclaim, as well as a third-party complaint, naming First Guaranteed Mortgage, Nations of Pennsylvania, and Bryon Graf as third-party defendants. Each of the third-party defendants answered the Russell's third-party complaint. The third-party complaint asserted six claims for relief against the various third-party defendants.
 {¶ 3} Nations of Pennsylvania filed a motion for judgment against the Russells' for failure to respond to discovery requests, failure to comply with court's order regarding discovery, and failure to prosecute. The court later entered an agreed order, pursuant to the stipulation of the parties, limiting the Russells' claim against Nations of Pennsylvania to the third claim for relief identified in the third-party complaint. Accordingly, the trial court dismissed the first, second, fourth, fifth and sixth claims for relief in the third-party complaint as to Nations of Pennsylvania.
 {¶ 4} On May 16, 2003, First Collateral filed a motion for summary judgment. Thereafter, the Russells' filed a memorandum in opposition to First Collateral's motion for summary judgment and a "motion to counter-claim" for declaratory judgment. The trial court issued a judgment entry on August 1, 2003 granting summary judgment in First Collateral's favor on both its complaint for foreclosure and the Russells' amended counterclaim.
 {¶ 5} The Russells appeal raising the following assignments of error: "(1) The court commit[t]ed reversible err[o]r in granting Plaintiff-Appellee (sic) 2nd motion for summary judgment since there exist genuine issues of material fact law which must be determined by a jury. (2) The court erred in reforming the mortgage deed because mutual mistake was not proven by clear proof, and as a matter of law is against the weight of the evidence. (3) [T]he court commit[t]ed reversible error on Defendant Appellants pleadings that this loan was rescindable under Truth in Lending HOEPA claims. (4) The Defendant-Appellants believe the court commit[t]ed reversible error when the court allowed Plaintiff-Appellant attached (sic) an Exhibit `A' to purported Assignment and filed it with the court (sic)." Additionally, we summarize the Russells' fifth assignment of error as follows: Genuine issues of material fact exist as to whether First Collateral is the owner and holder of the subject note and mortgage.[1]
 II. {¶ 6} Initially, we address the threshold issue of whether the judgment entry appealed is a final appealable order. Under Ohio law, appellate courts have jurisdiction to review the final orders or judgments of the inferior courts in their district. See, generally, 3(B)(2), Article IV, Ohio Constitution; R.C. 2505.02. R.C. 2505.02 defines a final order, inter alia, as an order that "affects a substantial right in an action that in effect determines the action and prevents a judgment[.]" R.C. 2505.02(B)(1).
 {¶ 7} If an order is not final and appealable, then an appellate court has no jurisdiction to review the matter and must dismiss it. See GeneralAcc. Ins. Co. v. Insurance Co. of North America (1989), 44 Ohio St.3d 17,20; Noble v. Colwell (1989), supra. In the event that the parties to the appeal do not raise this jurisdictional issue, we must raise it sua sponte. See Chef Italiano Corp. v. Kent State Univ. (1989),44 Ohio St.3d 86, syllabus; Whitaker-Merrell v. Geupel Co. (1972),29 Ohio St.2d 184, 186.
 {¶ 8} Generally, a judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final, appealable order. Third Natl. Bank of Circleville v. Speakman
(1985), 18 Ohio St.3d 119, 120; Oberlin Sav. Bank Co. v. Fairchild
(1963), 175 Ohio St. 311, 312-313.
 {¶ 9} However, when an action includes multiple claims or parties and an order disposes of fewer than all of the claims or rights and liabilities of fewer than all of the parties without certifying under Civ. R. 54(B) that there is no just cause for delay, the order is not final and appealable. Noble v. Colwell (1989), 44 Ohio St.3d 92, 96;Jarrett v. Dayton Osteopathic Hosp., Inc. (1985), 20 Ohio St.3d 77, syllabus. An order of foreclosure that does not dispose of all remaining claims must be dismissed for lack of a final appealable order. FederalHome Loan Mtge. Corp. v. Weust (1989), 64 Ohio App.3d 513, 513-14;BCGS, L.L.C., v. Raab (July 17, 1998), Lake App. No. 98-L-041; Haskinsv. Fraley (Nov. 20, 1992), Gallia App. No. 92CA1.
 {¶ 10} Here, the judgment entry appealed disposes of First Collateral's complaint and the Russells' amended counterclaim. However, it fails to dispose of the Russells' third-party complaint against First Guaranteed Mortgage, Bryon, Graf, and the Russells' remaining claim for relief against Nations of Pennsylvania. Because the trial court's entry fails to dispose of these claims, or to make an express determination that there is no just cause for delay as required by Civ. R. 54(B), we conclude that the judgment entry appealed from is not a final appealable order. Accordingly, we dismiss this appeal.
Appeal dismissed.
 JUDGMENT ENTRY
It is ordered that the APPEAL BE DISMISSED, and that Appellee shall recover of Appellant costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Meigs County Court of Common Pleas to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
Abele, P.J. and McFarland, J.: Concur in Judgment and Opinion.
[1] We note that immediately after the Russells filed their notice of appeal, they filed for Chapter 13 Bankruptcy in the United States Bankruptcy Court, for the Southern District of Ohio. Accordingly, we stayed the proceedings pursuant to Title 11, Section 362(a) of the United States Bankruptcy Code and placed the appeal on the court's inactive calendar. Thereafter, the Russells filed two motions for an extension of time to file their brief, which we denied because the stay was still in effect. The Russells then filed a third motion for an extension of time, attaching two entries from the bankruptcy court lifting the automatic stay so that we may resolve this appeal. Accordingly, on January 14, 2005, we placed this case on the court's active calendar and granted the Russells' motion for an extension of time.