OPINION
{¶ 1} These matters are before the court on appeal and a motion to dismiss the appeal. Defendants-appellants, James M. Ryan ("Ryan") and James M. Ryan, Trustee ("Ryan as Trustee"), appeal from the judgment of the Franklin County Court of Common Pleas, in which that court: (1) granted judgment against appellants and in favor of plaintiff-appellee, Sky Bank ("Sky"), on Sky's claims for money damages and for foreclosure of a mortgage, and (2) issued a Decree of Foreclosure and Order of Sale for the subject property.
 {¶ 2} This case concerns several parcels of land located on East Main Street in Columbus ("the property"). On November 9, 1990, Ryan and Michael F. Colley ("Colley"), executed a promissory note ("Note 1"), in favor of The Ohio Bank, Sky's predecessor-in-interest. The face amount of the note was $130,000. Also on that date, Ryan and Colley executed another promissory note in favor of The Ohio Bank, with the face amount of $570,000, but that note is not involved in this case.
 {¶ 3} Also on November 9, 1990, Colley, Ryan, and Fred H. Pitz ("Pitz") signed an Open End Mortgage, Assignments of Rents and Security Agreement, which, by its *Page 3 
express terms, secured the obligations under both November 9, 1990 notes, totaling $700,000 of indebtedness, by granting a mortgage upon the property. This provided, inter alia, that the mortgage was:
 TO SECURE TO LENDER (a) the repayment of the indebtedness evidenced by the Note, with interest thereon, and all renewals, extensions and modifications thereof; (b) the repayment of any future advances, with interest thereon, made by Lender to Borrower pursuant to Paragraph 29 hereof (herein "Future Advances"); (c) terms and conditions of the Commitment and Loan Agreement dated August 10, 1990; (d) the payment of all other sums, with interest thereon, advanced in accordance herewith to protect the security of this Instrument; and (e) the performance of the covenants and agreements of Borrower herein contained * * *[.]
 {¶ 4} Paragraph 29 of the mortgage, assignment, and security agreement provides:
 FUTURE ADVANCES. Upon request of Borrower, Lender, at Lender's option so long as this Instrument secures indebtedness held by Lender, may make Future Advances to Borrower. Such Future Advances, with interest thereon, shall be secured by this Instrument when evidenced by promissory notes stating that said notes are secured hereby.
 {¶ 5} On July 26, 2001, Colley and Ryan executed a promissory note ("Note 2"), in favor of Sky, with the face amount of $400,000. That note provides, inter alia:
 COLLATERAL. Borrower acknowledges this Note is secured by a Mortgage dated 11/09/90, recorded 11/09/90 in Vol. 16090, Page G08 of the Records of Mortgages in the Office of the Recorder of Franklin County, Ohio, property located at 185-195 E Main St, Columbus, Ohio 43215, an Assignment of Rents and Leases dated 11/09/90, recorded 11/09/90 in Vol. 16090, Page H06 of the Records of Mortgages in the Office of the Recorder of Franklin County, Ohio, property located at 185-195 E Main St, Columbus, Ohio 43215 all the terms and conditions of which are hereby incorporated and made a part of this Note. *Page 4 
 {¶ 6} Effective November 9, 2001, Colley, Ryan, and Sky entered into a Change in Terms Agreement ("Agreement 1"), whereby the parties agreed to modify the terms of Note 1 by extending the loan term by 60 months, and lowering the interest rate. Effective December 26, 2003, Colley, Ryan and Sky entered into a second Change in Terms Agreement ("Agreement 2"), whereby the parties agreed to again modify the terms of Note 1 by providing for three months of interest-only payments, followed by resumption of regular principal-and-interest payments. On August 16, 2005, Colley apparently[1] quitclaimed all of his interest in the subject property to Whipps, in trust; and Colley's wife, Nancy ("Mrs. Colley"), apparently quitclaimed to Whipps her dower interest in the property.
 {¶ 7} On October 21, 2005, Whipps filed a partition action against Ryan and Ryan as Trustee. Whipps claimed to be the owner of an undivided one-sixth interest in the property. Ryan filed his answer on January 7, 2006, asserting the affirmative defense of failure to join an indispensable party, to wit: Colley. Ryan also asserted a counterclaim against Whipps, based upon improvements and payments respecting the property that allegedly benefited Whipps. Whipps replied to the counterclaim, denying the substantive allegations and asserting the affirmative defenses of estoppel, waiver, laches, and accord and satisfaction.
 {¶ 8} On January 27, 2006, Sky filed an action for money damages against Colley and Ryan, alleging that they had defaulted on Note 1. Ryan filed an answer in which he generally denied the substantive allegations, and he asserted the affirmative *Page 5 
defense of failure to join an indispensable party, to wit: Pitz. Colley filed an answer and a cross-claim against Ryan, alleging that Ryan breached an agreement whereby Ryan was to manage the property, collect rent, and pay expenses. Ryan answered the cross-claim, admitting to the management arrangement, but denying any breach. He also purported to assert a cross-claim against Colley in quantum meruit for management services.
 {¶ 9} On February 7, 2006, Sky moved to intervene in the partition action, stating that Colley and Ryan were in default on Note 1, and on Agreements 1 and 2, the obligations of which were secured by a mortgage on the property subject of the partition action. Sky later amended its motion to include an allegation that Colley and Ryan were in default on Note 2 as well. Sky also moved to add various lienholders as defendants in the partition action. It also moved to add Carolyn Ryan ("Mrs. Ryan") as a party-defendant, by virtue of her partial ownership interest in the property. On April 25, 2006, the trial court granted Sky's motion to intervene and to add additional parties.
 {¶ 10} On May 9, 2006, Sky answered Whipps' partition complaint, and filed a counterclaim against Whipps, and a cross-claim against Ryan, Ryan as Trustee, Mrs. Ryan, and the various other lienholders for foreclosure on the property, based upon Colley's and Ryan's default on Note 2. Sky alleged that it was owed a total of $335,666.89, plus interest, on Note 2. On June 9, 2006, all but one of the lienholders that Sky added filed answers stating that they had no interest in the subject property and requesting that they be dismissed as parties.
 {¶ 11} On July 6, 2006, Ryan, Ryan as Trustee, and Mrs. Ryan answered the cross-claim for foreclosure, asserting the affirmative defense of failure to join Colley, who, they alleged, was an indispensable party because he was an obligor on the notes. Ryan, *Page 6 
Ryan as Trustee, and Mrs. Ryan also filed a third-party complaint against Colley, alleging that Colley was jointly liable as a joint maker of the notes. Colley answered the third-party complaint, denying generally the substantive allegations thereof.
 {¶ 12} On August 3, 2006, Sky moved for consolidation of the partition/foreclosure action and its separate action for damages against Colley and Ryan for the default on Note 1. The trial court later granted that motion. Following consolidation, Sky moved for summary judgment on its counterclaim and cross-claim for foreclosure, and on its complaint for money damages on Note 1.
 {¶ 13} Sky attached to its motion: the affidavit of Felix Melchor ("Melchor Affidavit") authenticating Sky's business records, copies of Notes 1 and 2 and Agreements 1 and 2, a copy of the Open End Mortgage, Assignment of Rents and Security Agreement, copies of payoff data on Notes 1 and 2, and a commitment for title insurance on the property. In his affidavit, Mr. Melchor stated that he had personal knowledge of the business records attached to his affidavit, including Notes 1 and 2, Agreements 1 and 2, and the mortgage, assignments, and security agreement. He averred that Colley and Ryan had defaulted on their obligations under both notes and both agreements, and that Sky had exercised its right to acceleration, and he stated the amounts due and owing under each note. In its motion for summary judgment, Sky argued that Pitz and Colley were not necessary or indispensable parties because the commitment for title insurance showed that neither of them held any ownership interest in the subject property. Sky agreed, however, that if Ryan could demonstrate that Pitz did own part of the subject property, it would add Pitz as a party-defendant. *Page 7 
 {¶ 14} In their memorandum contra, Ryan, Ryan as Trustee, and Mrs. Ryan argued that Note 2 represented a new and separate loan and that, consequently, the mortgage upon which the foreclosure action was based did not in fact secure the obligations set forth in Note 2. Attached to the memorandum contra was Ryan's affidavit for support of this contention. In reply, Sky directed the court's attention to language within Note 2 and the mortgage that demonstrates that Note 2 memorialized a "future advance" as that term is used in the mortgage, and that the mortgage therefore did secure the obligations of Note 2.
 {¶ 15} By decision rendered March 16, 2007, the trial court granted Sky's motion for summary judgment. On April 19, 2007, the trial court journalized a Decree of Foreclosure and Order of Sale, in which the court granted judgment against Ryan and Colley on Sky's claim for money damages on Note 1, in the amount of $72,023.25 plus interest. The court further ordered a judicial sale of the property, and found that there is due and owing on Note 2 the amount of $335,666.89, plus interest and any sums advanced, to be paid out of the proceeds of the sale.
 {¶ 16} The trial court later granted a motion to withdraw the property from sale pending this court's disposition of the present appeal. On August 27, 2007, after learning that Mrs. Colley had, in a divorce-related filing, alleged that her quitclaim deeds were void, Sky filed a motion to add Mrs. Colley as a party-defendant, which the trial court granted.
 {¶ 17} Between the date upon which the trial court issued its decision granting summary judgment, and the date upon which it journalized its Decree of Foreclosure and Order of Sale, Ryan and Ryan as Trustee (hereinafter, "appellants"), filed a notice of *Page 8 
appeal, and attached thereto the decision granting summary judgment. On April 8, 2007, Sky filed a motion to dismiss the appeal, arguing that this court lacked jurisdiction for lack of a final appealable order. The parties fully briefed the motion to dismiss. Later, Ryan and Ryan as Trustee supplemented the appellate record with the trial court's April 19, 2007 Decree of Foreclosure and Order of Sale. At oral argument, both parties agreed that the Decree of Foreclosure and Order of Sale is a final appealable order over which this court has jurisdiction. We note that Sky has not formally withdrawn its motion to dismiss. For the following reasons, we overrule that motion and will proceed to the merits of this appeal.
 {¶ 18} Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts. A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B). In re Adoption of M.P., Franklin App. No. 07AP-278, 2007-Ohio-5660, ¶ 15, citing Denham v. New Carlisle (1999),86 Ohio St.3d 594, 596, 716 N.E.2d 184. Section 2505.02(B) of the Ohio Revised Code defines a final order, in pertinent part, as follows:
 (B) An order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it is one of the following:
 (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment[.]
 {¶ 19} "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." Natl. City *Page 9 Community Capital Corp. v. AAAA At Your Serv., Inc., 114 Ohio St.3d 82,2007-Ohio-2942, 868 N.E.2d 663, ¶ 7. "A judgment entry ordering a foreclosure sale is a final, appealable order pursuant to R.C.2505.02(B) if it resolves all remaining issues involved in the foreclosure. This includes the questions of outstanding liens, including what other liens must be marshaled before distribution is ordered, the priority of any such liens, and the amounts that are due the various claimants." Davilla v. Harman, Mahoning App. No. 06MA89, 2007-Ohio-3146, ¶ 18, discretionary appeal not allowed, 116 Ohio St.3d 1412,2007-Ohio-6140, 876 N.E.2d 969. Review of the Decree of Foreclosure and Order of Sale in this case reveals that it resolves all issues involved in the foreclosure, such as the liens that must be marshaled, the priority of those liens, and the amounts due to the claimants. It also grants judgment on Sky's claim for money damages for default of Note 1. As such, it constitutes a final, appealable order.
 {¶ 20} This is true despite the fact that the money-damages action was consolidated with, and the foreclosure action is a counter-and cross-claim in, the partition action, which remains pending in the trial court. When cases are consolidated, they become "one single action subject to the requirements of Civ.R. 54(B) and R.C. 2505.02."Gilligan v. Robinson, Franklin App. No. 05AP-1028, 2006-Ohio-4619, ¶ 41. However, both the money-damages action and the foreclosure action are distinct and separate branches of the whole cause that was before the trial court. They involved separate legal issues, required proof of different facts, and provided for different relief than the partition action. Therefore, the trial court's judgment in effect determines those branches of the action and prevents a judgment with respect to the money-damages and foreclosure *Page 10 
claims. Ferraro v. B.F. Goodrich Co., 149 Ohio App.3d 301,2002-Ohio-4398, 777 N.E.2d 282, ¶ 18. For this additional reason, then, the decree of foreclosure is a final order.
 {¶ 21} The Decree of Foreclosure and Order of Sale contains an express finding that there is no just reason for delay, pursuant to Civ.R. 54(B). This phrase "is not a mystical incantation which transforms a nonfinal order into a final appealable order. Such language can, however, through Civ.R. 54(B), transform a final order into a final appealable order." (Citation omitted.) Wisintainer v. Elcen Power StrutCo. (1993), 67 Ohio St.3d 352, 354, 617 N.E.2d 1136. A trial court's determination that "there is no just reason for delay" is essentially a factual one, which an appellate court must not disturb where some competent, credible evidence supports the court's certification. Id. at 354-355. "The paramount consideration to be made is whether the court's determination serves judicial economy at the trial level." Id. at 355. "[W]here the record indicates that the interests of sound judicial administration could be served by a finding of `no just reason for delay,' the trial court's certification determination must stand." Id. On the record before us, we find that competent, credible evidence demonstrates that an immediate appeal will serve the interest of judicial economy and thus supports the trial court's certification.
 {¶ 22} For all of the foregoing reasons, we find that the order below is a final appealable order and, thus, we deny the motion to dismiss.
 {¶ 23} We now proceed to determine the merits of appellants' appeal. We begin by noting that appellants' brief violates App.R. 16(A)(3) and (4) because it lacks a statement of the assignments of error presented for review, with reference to the place in the record where each error is reflected, and it lacks a statement of the issues presented *Page 11 
for review, with references to the assignments of error to which each issue relates. "Procedural rules adopted by courts are designed to promote the administration of justice and to eliminate undue delay."Robinson v. Kokosing Constr. Co., Franklin App. No. 05AP-770,2006-Ohio-1532, ¶ 6. "The necessity of compliance with these rules is not to be minimized. Nonetheless, courts prefer to resolve cases upon their merits rather than upon procedural default." (Citation omitted.)State v. Wilson, Franklin App. No. 05AP-939, 2006-Ohio-2750, ¶ 7. Therefore, we will proceed to resolve the three assignments of error stated in the argument section of appellants' brief.
 {¶ 24} Appellants advance three assignments of error, as follows:
 FIRST ASSIGNMENT OF ERROR:
 The Trial Court lacked subject matter jurisdiction of the Edward F. Whipps action for Partition of Real Estate and Intervener's Appelee's [sic] Cross Claim and Counterclaim for Foreclosure due to Edward F. Whipps Trustee's and Intervener's failure to name necessary and indispensable parties; the proceedings, decisions and judgments of the Trial Court in consolidated Cases #1244 and #11685 are void ab initio and these should be dismissed.
 SECOND ASSIGNMENT OF ERROR:
 The Trial Court erred in granting Plaintiff's Motion for Summary Judgment and a Decree of Foreclosure and Sale ordering a Cognovit Judgment in the amount of $72,023.25 plus interest, that there is due and owing a sum of $335,666.89 plus interest, a finding that the conditions of the Mortgage have been broken and that the same has become Absolute and issued an Order of Sale to the Sheriff, without first reviewing the conditions of default and other terms of the Construction/Permanent Commitment and Loan Agreement dated August 10, 1990, * * * the Adjustable Rate Rider, and the General Assignment of Leases, Rents and Profit, all incorporated in and made part of the Notes and Mortgagee Documents. *Page 12 
 THIRD ASSIGNMENT OF ERROR:
 The Trial Court erred by granting a Decree of Foreclosure and Order of Sale in Case #05 CVH 11685 as the Court lacked Subject Matter Jurisdiction due to the failure of Appellee/Sky Bank to name as parties in its complaint for Cross Claim and Counterclaim for Foreclosure all of the Property Owners of the property known as 185 thru [sic] 205 E. Main Street, Columbus Ohio and the Civil Action failed for lack of service of all property owners as named defendants within one year of filing the Complaint thus requiring dismissal by the Court. Ohio Civ. Rule 3(A) and Ohio Civ. Rule 4(E).
 {¶ 25} We review the trial court's grant of summary judgment de novo.Coventry Twp. v. Ecker (1995), 101 Ohio App.3d 38, 654 N.E.2d 1327. Summary judgment is proper only when the party moving for summary judgment demonstrates: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds could come to but one conclusion, and that conclusion is adverse to the party against whom the motion for summary judgment is made, when the evidence is construed in a light most favorable to the nonmoving party. Civ.R. 56(C); State ex rel. Grady v. State Emp.Relations Bd. (1997), 78 Ohio St.3d 181, 183, 677 N.E.2d 343. If the moving party has satisfied its initial burden under Civ.R. 56(C), then the nonmoving party has a reciprocal burden, outlined in Civ.R. 56(E), to set forth specific facts showing that there is a genuine issue for trial. Dresher v. Burt (1996), 75 Ohio St.3d 280, 293, 662 N.E.2d 264.
 {¶ 26} Appellants' first and third assignments of error raise related issues and will be addressed together. First, appellants argue that the trial court lacked subject matter jurisdiction over the partition action because Whipps failed to join indispensable parties. *Page 13 
But the partition action is not before this court on appeal; the only judgment subject to our review in this appeal is the Decree in Foreclosure and Order of Sale.
 {¶ 27} Appellants maintain that the trial court lacked jurisdiction over the foreclosure action because Sky failed to join indispensable parties, or, alternatively, that the court should have dismissed the action because such parties were not named and served within one year of the commencement of Sky's foreclosure action. Specifically, appellants argue that Pitz is an indispensable party because he owns an interest in the property, that Pitz's wife is an indispensable party by virtue of a dower interest, and that Mully's Irish Tavern, Inc., is an indispensable party by virtue of its status as a lessee that has invested funds in improvements to the property. Appellants also maintain that Colley is an indispensable party because of his "probable ownership interest."[2]
 {¶ 28} First, as Sky points out in its brief, appellants never raised this issue in their memorandum contra to Sky's motion for summary judgment. Second, and more importantly, appellants point to no evidence in the record that any of these persons own any interest in the property. Appellants have included copies of various deeds in the appendix to their brief, but these documents are not found in the record of the proceedings before the trial court and, therefore, we cannot consider them. Our review on appeal is limited to those materials in the record before the trial court. Galloway v. Khan, Franklin App. No. 06AP-140, 2006-Ohio-6637, ¶ 49, discretionary appeal not allowed,113 Ohio St.3d 1490, 2007-Ohio-1986, 865 N.E.2d 914. *Page 14 
 {¶ 29} Finally, the record reflects that the named defendants in Sky's complaint for money damages, Colley and Ryan, were both served with the summons and a copy of the complaint; and the defendants in Sky's counterclaim/cross-claim for foreclosure, Whipps, Ryan, and Ryan as Trustee, were all served with Sky's counterclaim/cross-claim. Sky obtained service upon all parties within the time constraints of Civ.R. 3(A) and 4(E).
 {¶ 30} For all of the foregoing reasons, appellants' first and third assignments of error are overruled.
 {¶ 31} In support of their second assignment of error, appellants argue that the trial court erred in granting summary judgment without reviewing a "Construction/Permanent Commitment and Loan Agreement," and "Adjustable Rate Rider" and a "General Assignment of Leases, Rents and Profit," purported copies of which they include in the appendix to their brief. Appellants never raised this issue below, and these documents are not contained in the record. Thus, again, we may not consider them in performing our review of the trial court's grant of summary judgment. Indeed, appellants acknowledge, at page 19 of their brief, and again at page 23, that these documents were never placed in the record before the trial court. It is elementary that a trial court does not err in failing to consider evidence that was never presented to it. For these reasons, appellants' third assignment of error is overruled.
 {¶ 32} Appellants' first, second, and third assignments of error are overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Motion to dismiss denied; judgment affirmed.
McGRATH, P.J., and FRENCH, J., concur.
[1] There is no evidence of these transfers in the record, but all parties seem to agree that Colley and Mrs. Colley indeed transferred their interests to Whipps in trust. This fact is not crucial to our disposition of this appeal, but we include it in order to provide a complete account of the facts underlying the case.
[2] Brief of Appellants, at 15. *Page 1