[Cite as *Greenbriar at River Valley Phase Homeowners Assn., Inc. v. Powermark Homes, Inc.*, 2011-Ohio-2157.]

# Court of Appeals of Ohio

### EIGHTH APPELLATE DISTRICT
### COUNTY OF CUYAHOGA

---

### JOURNAL ENTRY AND OPINION
### No. 96007

---

## GREENBRIAR AT RIVER VALLEY PHASE HOMEOWNERS ASSOCIATION, INC., ET AL.

PLAINTIFFS-APPELLEES

vs.

## POWERMARK HOMES, INC.

DEFENDANT-APPELLANT

---

### JUDGMENT:
DISMISSED

---

Civil Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CV-676267

**BEFORE:** Celebrezze, P.J., Cooney, J., and Rocco, J.

**RELEASED AND JOURNALIZED:** May 5, 2011

**ATTORNEY FOR APPELLANT**

Bruce W. McClain
28218 Knickerbocker
Bay Village, Ohio    44140


**ATTORNEYS FOR APPELLEES**

**For Greenbriar at River Valley Phase
Homeowners Association, Inc.**

Kimberly L. Strauss
M. Katherine Bushey
Kevin M. Fields
Darcy Mehling Good
Robert E. Kmiecik
Kaman & Cusimano, L.L.C.
50 Public Square
Suite 2000
Cleveland, Ohio    44113

Shawn W. Schlesinger
Koeth, Rice & Leo Co., L.P.A.
1280 West Third Street
Cleveland, Ohio    44113

**For Homes Savings and Loan Co.
of Youngstown Ohio**

Thomas M. Gacse
P.O. Box 1111
Youngstown, Ohio    44501

**For Interstate Kitchen Supply**

Ronald A. Annotico
O'Shea & Associates Co., L.P.A.
Beachcliff Market Square
19300 Detroit Road
Suite 202
Rocky River, Ohio    44116

FRANK D. CELEBREZZE, JR., P.J.:

{¶ 1} This cause came to be heard upon the accelerated calendar pursuant to App.R. 11.1 and Loc.R. 11.1, the trial court records, and briefs of counsel.

{¶ 2} Defendant-appellant, Powermark Homes, Inc. ("Powermark"), appeals from the grant of summary judgment in favor of plaintiff-appellee, Greenbriar at River Valley Phase Homeowners, Inc. ("Greenbriar"), in a foreclosure action. Because the order granting summary judgment does not address the magistrate's decision, dispose of Powermark's related claims raised in a counterclaim against Greenbriar, set forth the liabilities and priorities of the parties, and does not evidence that there is no just reason for delay, the appeal must be dismissed.

{¶ 3} Powermark purchased several lots within a new housing development project governed by a homeowners association in Avon, Ohio. Powermark acquired deeds and entered into a homeowners association agreement with Greenbriar. Powermark sold most of the lots prior to 2007 and only had four lots remaining. Powermark's account with Greenbriar for homeowners association dues was delinquent, and in 2007 and 2008, Greenbriar filed liens against Powermark's four remaining lots in the housing development.

{¶ 4} On November 12, 2008, Greenbriar filed a foreclosure action, and Powermark answered. On August 10, 2009, Greenbriar filed its motion for summary judgment, and Powermark filed its response. Then, on October 8, 2009, Powermark sought leave to file an amended answer and counterclaim with attached pleadings, which was granted on January 14, 2010. The counterclaim asserted claims for breach of contract, conversion, fraud, unjust enrichment, and punitive damages. It alleged that after commencement of suit, Greenbriar demanded exorbitant payoff amounts when Powermark tried to sell the lots subject to Greenbriar's foreclosure action. Powermark asserted a breach of contract claim alleging that Greenbriar failed to provide services under the homeowners association agreement causing Powermark to incur additional expenses for services that should have been provided by Greenbriar. Finally, Powermark also alleged that the regular homeowners association dues it was charged were in excess of those required under the contract for undeveloped lots, and the amounts of the liens were not accurate as a result.

{¶ 5} On October 15, 2010, the trial court granted Greenbriar's motion for summary judgment; however, the journal entry granting the motion failed to adopt the decision of the magistrate,[1] failed to address Powermark's

---

[1] The trial court instructed Greenbriar to submit a proposed magistrate's decision, which Greenbriar did, but the court never adopted it.

counterclaim, failed to set forth any amount due and owing to Greenbriar or any other party, and did not include Civ.R. 54(B) language.

**Law and Analysis**

**{¶ 6}** "Pursuant to Section 3(B)(2), Article IV of the Ohio Constitution, this court's appellate jurisdiction is limited to the review of final orders of lower courts. A trial court's order is final and appealable only if it meets the requirements of R.C. 2505.02 and, if applicable, Civ.R. 54(B)." *Whipps v. Ryan*, Franklin App. Nos. 07AP-231 and 07AP-232, 2008-Ohio-1216, ¶18, citing *In re Adoption of M.P.*, Franklin App. No. 07AP-278, 2007-Ohio-5660, ¶15, citing *Denham v. New Carlisle*, 86 Ohio St.3d 594, 596, 1999-Ohio-128, 716 N.E.2d 184.

**{¶ 7}** R.C. 2505.02(B) lists the categories of orders that are final and appealable, and in pertinent part, states, "[a]n order is a final order that may be reviewed, affirmed, modified, or reversed, with or without retrial, when it [is] * * * [a]n order that affects a substantial right in an action that in effect determines the action and prevents a judgment."

**{¶ 8}** "For an order to determine the action and prevent a judgment for the party appealing, it must dispose of the whole merits of the cause or some separate and distinct branch thereof and leave nothing for the determination of the court." *Natl. City Commercial Capital Corp. v. AAAA At Your Serv., Inc.*, 114 Ohio St.3d 82, 2007-Ohio-2942, 868 N.E.2d 663, ¶7. "Generally, a

judgment entry ordering the foreclosure of property and the distribution of the proceeds to the various claimants is a final, appealable order." *First Collateral Serv. v. Russell*, Meigs App. No. 03CA8, 2005-Ohio-4908, ¶8, citing *Third Natl. Bank of Circleville v. Speakman* (1985), 18 Ohio St.3d 119, 120, 480 N.E.2d 411; *Oberlin Sav. Bank Co. v. Fairchild* (1963), 175 Ohio St. 311, 312-313, 194 N.E.2d 580. But here, the trial court's order does not set forth the amounts of judgment and priorities of the claimants. The proposed magistrate's decision submitted by Greenbriar does set forth priorities and amounts, but the trial court never adopted it. Further, the order does not address the counterclaim of Powermark and does not evidence that the trial court undertook an analysis under Civ.R. 54(B).[2]

{¶ 9} For these reasons, the order is not final and appealable. *Noble v. Colwell* (1989), 44 Ohio St.3d 92, 96, 540 N.E.2d 1381. Accordingly, this appeal must be dismissed.

Appeal dismissed.

---

[2] This rule states, "[w]hen more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or third-party claim, and whether arising out of the same or separate transactions, or when multiple parties are involved, the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon express determination that there is no just reason for delay. In the absence of a determination that there is no just reason for delay, any order or other form of decision, however designated, which adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties, shall not terminate the action as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the claims and the rights and liabilities of all the parties."

It is ordered that appellees recover of appellant costs herein taxed.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.


FRANK D. CELEBREZZE, JR., PRESIDING JUDGE

COLLEEN CONWAY COONEY, J., and
KENNETH A. ROCCO, J., CONCUR