[Cite as *State v. Goodwin*, 2014-Ohio-5669.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| State of Ohio, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 14AP-395 |
| v. | : | (C.P.C. No. 13CR-4181) |
| Jerry A. Goodwin, | : | (REGULAR CALENAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on December 23, 2014

*Ron O'Brien*, Prosecuting Attorney, and *Steven L. Taylor*, for appellee.

*Saia & Piatt, Inc., Jon J. Saia* and *Jessica G. Fallon*, for appellant.

APPEAL from the Franklin County Court of Common Pleas

LUPER SCHUSTER, J.

{¶ 1} Defendant-appellant, Jerry A. Goodwin, appeals from a judgment of the Franklin County Court of Common Pleas, convicting him of one count of aggravated menacing. For the following reasons, we affirm that judgment.

I. Facts and Procedural History

{¶ 2} On May 19, 2013, at approximately 2:47 p.m., Grandview Detective Ryan Starns responded to a "well-being" call at 1064 Mulford Road. (Tr. 14.) Detective Starns arrived at the duplex in his marked police vehicle to check on appellant. After parking his car in front of appellant's residence, Detective Starns, dressed in his official police uniform, approached appellant's door and knocked loudly. No one answered the door

after Detective Starns initially knocked and, after waiting a couple moments, Detective Starns knocked a second time and then stood off to the side of the front door. Appellant opened the door "violently" and Detective Starns stepped away from the front door and towards a front window.

{¶ 3} As appellant stood in the doorway, he and Detective Starns looked directly at each other. Detective Starns asked appellant how he was doing. Appellant answered he was "[f]ine." (State's Ex. B, 14:46:36.) Detective Starns then asked appellant, "you alright?" (State's Ex. B, 14:46:38.) Appellant responded, "[n]o." (Tr. 20.) Almost immediately after responding "[n]o," appellant began to raise a gun from behind his right leg. (Tr. 21.) In response to seeing appellant draw a gun, Detective Starns exclaimed, "[h]oly shit!" (Tr. 30.) Detective Starns then began to draw his own firearm in response.

{¶ 4} Detective Starns ordered appellant to put his gun down. (State's Ex. B, 14:46:46.) Appellant then stepped back into his residence as Detective Starns radioed for backup. When Detective Starns looked into the residence he saw appellant lying on the floor. Detective Starns testified the appellant still had the gun in his right hand and his cell phone in his left hand. Appellant then raised his gun towards his temple. Detective Starns instructed appellant to put the gun down and appellant threw the gun behind him. Detective Starns then took appellant into custody.

{¶ 5} Appellant was indicted on one count of aggravated menacing, a first-degree misdemeanor, in violation of R.C. 2903.21. Appellant waived his right to a jury trial, and the case was tried before the court on March 20, 2014. The court found appellant guilty on April 15, 2014. Appellant timely appealed his conviction.

## II. Assignment of Error

{¶ 6} Appellant assigns the following assignment of error for our review:

> The guilty verdict in this case is not supported by sufficient evidence.

## III. Discussion

### A. Sufficiency of the Evidence

{¶ 7} In his sole assignment of error, appellant asserts that his conviction is not supported by sufficient evidence. We disagree.

{¶ 8}   Whether there is legally sufficient evidence to sustain a verdict is a question of law.  *State v. Thompkins*, 78 Ohio St.3d 380, 386 (1997).  Sufficiency is a test of adequacy.  *Id.*  The relevant inquiry for an appellate court is whether the evidence presented, when viewed in a light most favorable to the prosecution, would allow any rational trier of fact to find the essential elements of the crime beyond a reasonable doubt. *State v. Mahone*, 10th Dist. No. 12AP-545, 2014-Ohio-1251, ¶ 38, citing *State v. Jenks,* 61 Ohio St.3d 259 (1991), paragraph two of the syllabus.  In a bench trial, " 'the trial court assumes the fact-finding function of the jury.' "  *State v. Cargill*, 10th Dist. No. 13AP-594, 2014-Ohio-2073, ¶ 16, quoting *Cleveland v. Welms*, 169 Ohio App.3d 600, 2006-Ohio-6441, ¶ 16 (8th Dist.).  In a sufficiency of the evidence review, an appellate court does not assess whether the state's evidence is to be believed, but whether, if believed, the evidence supports a conviction.  *State v. Yarbrough*, 95 Ohio St.3d 227, 2002-Ohio-2126, ¶ 79-80.

{¶ 9}   Appellant was convicted of one count of aggravated menacing, in violation of R.C. 2903.21, which reads, in part, that "[n]o person shall knowingly cause another to believe that the offender will cause serious physical harm to the person or property of the other person, the other person's unborn, or a member of the other person's immediate family."

{¶ 10} In asserting that his conviction was not supported by sufficient evidence, appellant initially argues the trial court found there was no evidence establishing appellant pointed his gun at Detective Starns.  However, this argument misconstrues the trial court's statement: "I don't think there's any testimony arguing whether the gun was pointed or not. I think based upon the testimony, the gun was * * *."  (Tr. 59.)  The trial court was explaining there was no evidence presented *challenging* the fact appellant pointed the gun at Detective Starns.  Indeed, during his testimony, Detective Starns stated:

> A.  [Appellant] presented his right hand from behind his right leg and began raising a silver revolver across his body with his right hand toward my direction.
>
> Q.  So he had what you recognized as a silver revolver handgun?
>
> A. Yes.

Q. You say he was raising it and pointed it in your direction?

A. Yes.

(Tr. 21.)

{¶ 11} Even if the evidence had established appellant did not point his gun directly at Detective Starns, R.C. 2903.21 only requires the state to establish appellant caused Detective Starns to believe that the appellant would cause him "serious physical harm." This court has previously found that merely *displaying* a weapon can support a conviction for aggravated menacing where the victim believed the appellant was about to cause serious physical harm. *State v. Goodwin*, 10th Dist. No. 05AP-267, 2006-Ohio-66, ¶ 25-26. (Emphasis added.)

{¶ 12} Detective Starns testified at trial that after seeing appellant pull the gun from behind his leg, he believed appellant was going to shoot him and the detective "fear[ed] for his life." (Tr. 33) Further supporting his belief, Detective Starns testified that after he saw appellant draw his gun, the detective moved backwards and braced for the impact of being hit with a bullet. Based on the testimony, the court properly concluded that appellant's actions put Detective Starns in fear that appellant was about to cause him serious physical harm. Accordingly, we find sufficient evidence supported the appellant's conviction of aggravated menacing.

{¶ 13} Appellant also contends that the trial court erred by not considering the self-defense Castle Doctrine when weighing the evidence at trial. However, appellant's "challenge to the sufficiency of the evidence insofar as it invokes self-defense and the Castle Doctrine is inappropriate." *State v. Vasquez*, 10th Dist. No. 13AP-366, 2014-Ohio-224, ¶ 52. Under Ohio law, self-defense is an affirmative defense. *State v. Calderon*, 10th Dist. No. 05AP-1151, 2007-Ohio-377, ¶ 30, quoting *State v. Williford*, 49 Ohio St.3d 247, 249 (1990), citing *State v. Martin*, 21 Ohio St.3d 91 (1986), *affirmed*, 480 U.S. 228 (1987), *rehearing denied*, 481 U.S. 1024. The "due process 'sufficient evidence' guarantee does not implicate affirmative defenses, because proof supportive of an affirmative defense cannot detract from proof beyond a reasonable doubt that the accused had committed the requisite elements of the crime." *State v. Hancock*, 108 Ohio St.3d 57, 2006-Ohio-160, ¶ 37, quoting *Caldwell v. Russell*, 181 F.3d 731, 740 (6th Cir.1999).

B. Manifest Weight and Self-Defense

{¶ 14} Because appellant did not include in his assignment of error that the guilty verdict was against the manifest weight of the evidence, this court need not address that issue. App.R. 12(A)(2). However, "this court prefers to resolve cases on their merits rather than upon procedural default." *Williams v. Hill*, 10th Dist. No. 10AP-69, 2010-Ohio-4189, ¶ 5, citing *Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216, ¶ 23. Therefore, because the self-defense argument raised by appellant would be a proper argument in a manifest weight review, we will address appellant's argument in that context.

{¶ 15} In addressing a manifest-weight-of-the-evidence challenge, this court must review the entire record, weigh the evidence and all reasonable inferences, consider the credibility of the witnesses, and determine whether, in resolving conflicts in the evidence, the trier of fact clearly lost its way and created such a manifest miscarriage of justice that the conviction must be reversed and a new trial ordered. *Thompkins,* supra, at 387. An appellate court should reserve reversal of a conviction as being against the manifest weight of the evidence for only the most " 'exceptional case in which the evidence weighs heavily against the conviction.' " *Thompkins* at 387, quoting *State v. Martin,* 20 Ohio App.3d 172, 175 (1st Dist.1983). Based on the testimony of Detective Starns and a review of the audio recording from Detective Starns' police vehicle, we conclude appellant's conviction was not against the manifest weight of the evidence.

{¶ 16} Appellant raises two arguments in support of the affirmative defense of self-defense. First appellant argues that appellant was not aware that Detective Starns was a police officer. Appellant bases this argument on the fact that appellant was not wearing his police hat, was not parked directly in front of the house, and was standing to the side of the door when appellant opened the door. The evidence presented by way of the video recording and testimony demonstrates otherwise. Detective Starns lawfully approached appellant's residence while performing a "well-being" check on appellant. Detective Starns parked his police vehicle in front of appellant's residence in broad daylight and knocked on appellant's front door twice before appellant answered. Detective Starns was dressed in his official police uniform while engaging appellant in a brief conversation. After opening the door, appellant looked directly at Detective Starns when the detective

asked "How you doing?" and appellant responded "fine." Detective Starns then asked "you alright?" to which appellant answered "no," and then appellant raised his weapon. The trial court did not clearly lose its way when it concluded that appellant was not acting in self-defense.

{¶ 17} Second, appellant argues that appellant appropriately acted in self-defense because he thought his house was being broken into. The only testimony supporting this argument was the testimony of appellant's sister who was on the phone with appellant when the detective knocked on appellant's door. Appellant's sister, Judith Bray, testified that she recalled appellant saying he thought someone was trying to break in. However, Ms. Bray also testified that she did not remain on the phone with appellant because she believed, as it was the middle of the afternoon, it was likely the mailman at the door. The trier of fact is in the best position to weigh the credibility of the testimony and to determine appellant's state of mind. The trial court's conclusion that there was not enough presented to determine appellant was acting in self-defense was not a manifest miscarriage of justice.

{¶ 18} Based on a careful review of the record, we find appellant's conviction for aggravated menacing is not against the manifest weight of the evidence.

## IV. Conclusion

{¶ 19} We conclude appellant's conviction is supported by sufficient evidence and not against the manifest weight of the evidence. Accordingly, we overrule appellant's assignment of error and affirm the decision of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

BROWN and CONNOR, JJ., concur.