[Cite as *Wells Fargo Bank, N.A. v. Kessler*, 2015-Ohio-5085.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

Wells Fargo Bank, N.A., as Trustee for   :
Option One Mortgage Loan Trust
2007-CP1 Asset-Backed Certificates,   :
Series 2007-CP1,

  :                      No. 15AP-216

        Plaintiff-Appellee,                (C.P.C. No. 13CV-8982)

  :

v.                                 (REGULAR CALENDAR)

  :

David T. Kessler et al.,

  :

        Defendants-Appellants.

  :

---

# D E C I S I O N

**Rendered on December 8, 2015**

---

*McGlinchey Stafford*, and *Kimberly Y. Smith Rivera*, for
appellee.

*Diane C. Kessler*, pro se.

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Appellant, Diane C. Kessler, appeals a judgment of the Franklin County Court of Common Pleas that granted summary judgment to plaintiff-appellee, Wells Fargo Bank, N.A., as trustee for Option One Mortgage Loan Trust 2007-CP1, Asset-Backed Certificates, Series 2007-CP1 ("Wells Fargo"). For the following reasons, we affirm.

{¶ 2} In 1997, defendant David T. Kessler purchased property at 99 Kingsmeadow Lane in Blacklick, Ohio. At the time of the purchase, David Kessler was married to Diane Kessler. However, the deed names only David Kessler as titleholder.

{¶ 3} In 2006, David Kessler obtained a loan from Sterling National Mortgage Company in the amount of $270,000. The loan was secured by a mortgage on the Kingsmeadow property.

{¶ 4} In a decree entered January 29, 2010, the Franklin County Court of Common Pleas, Division of Domestic Relations, dissolved the Kesslers' marriage. The dissolution occurred because Diane Kessler discovered that David Kessler had been sexually abusing their adopted daughter.

{¶ 5} On August 9, 2013, Wells Fargo filed the instant foreclosure action against David Kessler and "Jane Doe, unknown spouse, if any[,] of David T. Kessler," along with other interested parties. In the complaint, Wells Fargo alleged that it was the person entitled to enforce the 2006 note and the holder of the mortgage that secured that note. Additionally, Wells Fargo alleged that David Kessler had defaulted on the note and owed Wells Fargo $263,817.23, plus interest, court costs, advances, and other charges. Wells Fargo sought foreclosure of the mortgage and judgment against David Kessler in the amount due.

{¶ 6} David Kessler did not answer the complaint. Rather, he filed for bankruptcy, which stayed the instant action. At Wells Fargo's request, the bankruptcy trustee abandoned the Kingsmeadow property, and the bankruptcy court granted relief from the bankruptcy stay so Wells Fargo could proceed with foreclosure.[1]

{¶ 7} In the meantime, Diane Kessler answered the complaint and asserted that she was the Jane Doe named as a defendant in the complaint. Diane Kessler also contended that she had a dower interest in the Kingsmeadow property.

{¶ 8} Once the trial court reactivated the instant action, Wells Fargo moved for judgment on the pleadings with regard to Diane Kessler. Relying on the preliminary judicial report, Wells Fargo pointed out that the Kesslers' marriage was dissolved, so Diane Kessler was not David Kessler's spouse. Wells Fargo contended that, because Diane Kessler could not qualify as "Jane Doe, unknown spouse, if any[,] of David T. Kessler," she was not a party to the foreclosure action. Moreover, Wells Fargo argued, the dissolution of the Kesslers' marriage terminated Diane Kessler's dower interest in the Kingsmeadow

---

[1] Ultimately, Wells Fargo obtained a default judgment against David Kessler.

property, leaving her no interest in the instant action because she did not have any other interest in the property and she was not obligated on the note.

{¶ 9}   The trial court denied Wells Fargo's motion for judgment on the pleadings, but it invited Wells Fargo to file a motion for summary judgment with Civ.R. 56(C) evidence supporting its factual allegations.  Wells Fargo filed such a motion, which Diane Kessler opposed.  On March 12, 2015, the trial court entered a judgment granting the motion for summary judgment.

{¶ 10} Diane Kessler now appeals the March 12, 2015 judgment, and she assigns the following errors:

> ERROR I.   THE   LOWER   COURT   ERRORED   IN
> GRANTING THE PLAINTIFF-APPELLEE, WELLS FARGO
> BANK, JUDGEMENT FOR FORECLOSURE BY FAILING TO
> ACKNOWLEDGE THE BANKRUPTCY CLAIM MADE BY
> THE DEFENDANT-APPELLANT, DIANE C. KESSLER FOR
> THE DOWER INTEREST ATTACHED TO THE PROPERTY
> OF RECORD.
> 　　　　　　(99 KINGSMEADOW LANE)
>
> ERROR II.   THE   LOWER   COURT   ERRORED   IN
> GRANTING THE PLAINTIFF-APPELLEE, WELLS FARGO
> BANK, JUDGEMENT FOR FORECLOSURE BY STATING
> WITHIN THE JUDGEMENT THAT THERE ARE "NO
> GENUINE   ISSUES   OF   MATERIAL   FACT   THAT
> REASONABLE   MINDS   CAN   COME   TO   BUT   ONE
> CONCLUSION", SINCE A DOWER LIFE INTEREST CLAIM
> STILL EXISTS ON THE PROPERTY.
>
> ERROR III. THE   LOWER   COURT   ERRORED   IN
> GRANTING THE PLAINTIFF-APPELLEE, WELLS FARGO
> BANK, JUDGEMENT FOR FORECLOSURE BY ACCEPTING
> THE MARCH 14, 2007 MORTGAGE INSTRUMENT AS A
> VALID INSTRUMENT TO DATE.
>
> ERROR IV.   THE   LOWER   COURT   ERRORED   IN
> GRANTING THE PLAINTIFF-APPELLEE, WELLS FARGO
> BANK, JUDGEMENT FOR FORECLOSURE BY CLAIMING
> THE   PLAINTIFF-APPELLEE   AS   THE   RECIPIENT   OF
> ENTITLEMENT OF ANY EQUITY OF REDEMPTION AND
> DOWER   CLAIM   TO   THE   SAID   PREMISES,   WHICH   IS
> OUTSIDE THE SCOPE OF THE LAW.

ERROR V. THE LOWER COURT ERRORED IN GRANTING THE PLAINTIFF-APPELLEE, WELLS FARGO BANK, JUDGEMENT FOR FORECLOSURE BY THE JUDGE REQUESTING THE PLAINTIFF-APPELLEE TO "BRIEF THE DOWER QUESTIONS AS A MATTER OF OHIO LAW", SUCH A REQUEST MADE BY JUDGE RICHARD FRYE IN HIS NOVEMBER 19, 2014 JOURNAL ENTRY RECEIVED NO COMPLIANCE OF RECORD BY THE PLAINTIFF-APPELLEE OR THE COURT.

ERROR VI. THE LOWER COURT ERRORED IN GRANTING THE PLAINTIFF-APPELLEE, WELLS FARGO BANK, JUDGEMENT FOR FORECLOSURE BY CONTRADICTING THE CLAIM, RIGHT, TITLE, INTEREST OR LIEN OF THE DEFENDANT-APPLELLANT, TO BE FOUND NON EXISTANT, THEN WITHIN THE SAME JUDGEMENT DEEM THE CLAIM, RIGHT, TITLE, INTEREST OR LIEN EXISTANT AND THEN ORDERED TO BE PART OF A TRANSFER OF PROCEEDS TO THE PLAINTIFF-APPELLEE THEMSELF.[2]

{¶ 11} Initially, we must address Wells Fargo's request that we dismiss this appeal due to Kessler's failure to comply with the Rules of Appellate Procedure. Wells Fargo points out that Kessler's brief does not: (1) reference the places in the record where each assignment of error is reflected, as required by App.R. 16(A)(3); (2) reference the record in support of the statement of facts, as required by App.R. 16(A)(6); or (3) cite the parts of the record on which the argument relies, as required by App.R. 16(A)(7).

{¶ 12} An appellate court may dismiss an appeal for the appellant's failure to follow the Rules of Appellate Procedure. App.R. 3(A); *Pack v. Hilock Auto Sales*, 10th Dist. No. 12AP-48, 2012-Ohio-4076, ¶ 14. However, this court prefers to resolve cases on their merits rather than on procedural default. *Id.*; *Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216, ¶ 23. Therefore, we will not dismiss Kessler's appeal.

{¶ 13} We will, however, disregard Kessler's first assignment of error. In addition to not complying with App.R. 16 in the ways set forth above, Kessler fails to advance any argument in support of her first assignment of error. An appellant has the duty to construct the arguments necessary to support the assignments of error; an appellate court

---

[2] We quote Diane Kessler's assignments of error verbatim, without any corrections to spelling, grammar, or punctuation.

will not construct those arguments for the appellant. *Bond v. Canal Winchester*, 10th Dist. No. 07AP-556, 2008-Ohio-945, ¶ 16. If an appellant fails to fulfill its duty, the appellate court may disregard the unsupported assignment of error. App.R. 12(A)(2). Here, because Kessler has not separately argued her first assignment of error, we will not review that assignment of error. Rather, we simply overrule it.

{¶ 14} All of Kessler's remaining assignments of error challenge the trial court's grant of summary judgment. A trial court will grant summary judgment under Civ.R. 56 when the moving party demonstrates that: (1) there is no genuine issue of material fact; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion when viewing the evidence most strongly in favor of the nonmoving party, and that conclusion is adverse to the nonmoving party. *Hudson v. Petrosurance, Inc.*, 127 Ohio St.3d 54, 2010-Ohio-4505, ¶ 29; *Sinnott v. Aqua-Chem, Inc.*, 116 Ohio St.3d 158, 2007-Ohio-5584, ¶ 29. Appellate review of a trial court's ruling on a motion for summary judgment is de novo. *Hudson* at ¶ 29. This means that an appellate court conducts an independent review, without deference to the trial court's determination. *Zurz v. 770 W. Broad AGA, L.L.C.*, 192 Ohio App.3d 521, 2011-Ohio-832, ¶ 5 (10th Dist.); *White v. Westfall*, 183 Ohio App.3d 807, 2009-Ohio-4490, ¶ 6 (10th Dist.).

{¶ 15} Because Kessler's second, fourth, and sixth assignments of error are interrelated, we will address them together. Essentially, by these assignments of error, Kessler argues that the trial court erred in ignoring her dower interest in the Kingsmeadow property. We conclude that the trial court did not err as alleged.

{¶ 16} Pursuant to R.C. 2103.02, "[a] spouse who has not relinquished or been barred from it shall be endowed of an estate for life in one third of the real property of which the consort was seized as an estate of inheritance at any time during the marriage." Thus, when a married person purchases real property in Ohio, the non-titleholder spouse is entitled to a one-third dower interest in that real property unless that interest is relinquished or barred. *Std. Fed. Bank v. Staff*, 168 Ohio App.3d 14, 2006-Ohio-3601, ¶ 20-21 (1st Dist.).

{¶ 17} Divorce bars an ex-spouse from any dower right. R.C. 2103.02 ("Dower interest shall terminate upon the granting of an absolute divorce in favor of or against

such spouse by a court of competent jurisdiction within or without this state."); R.C. 3105.10(D) ("Upon the granting of a divorce, on a complaint or counterclaim, by force of the judgment, each party shall be barred of all right to dower in real estate situated within this state of which the other was seized at any time during coverture."). Likewise, a dower right also terminates if a marriage is dissolved. R.C. 3105.65(B) ("A decree of dissolution of marriage has the same effect upon the property rights of the parties, including rights of dower and inheritance, as a decree of divorce."); *U.S. Bank, Natl. Assn. v. Fitzgerrel*, 12th Dist. No. CA2011-09-063, 2012-Ohio-4522, ¶ 13 ("Because a decree of dissolution has the same effect on dower rights as a divorce, the dissolution of a marriage also terminates a spouse's dower interest in real property.").

{¶ 18} Here, David Kessler purchased the Kingsmeadow property while married to Diane Kessler. Diane Kessler, therefore, had a dower interest in the Kingsmeadow property during the marriage. However, the Kesslers' marriage ended upon the entry of a decree of dissolution on January 29, 2010. With the dissolution of her marriage, Diane Kessler lost her dower right in the Kingsmeadow property. Consequently, Diane Kessler has no interest in this action and no right to any of the proceeds resulting from the foreclosure of Wells Fargo's mortgage on the Kingsmeadow property.

{¶ 19} In arguing to the contrary, Diane Kessler contends that her dower interest survived the dissolution of her marriage because the dissolution resulted from David Kessler's adultery. Kessler asserts that R.C. 2103.05 supports this contention. R.C. 2103.05 states that "[a] husband or wife who leaves the other and dwells in adultery will be barred from dower in the real property of the other, unless the offense is condoned by the injured consort." That statute does not perpetuate a dower interest post-dissolution of a marriage. Rather, it bars the non-titleholder spouse's dower right when that spouse adulterously cohabitates with another. *Nagel v. Nagel*, 9th Dist. No. 09CA009704, 2010-Ohio-3942, ¶ 24. R.C. 2103.05, consequently, does not apply here.

{¶ 20} Because the dissolution of the Kesslers' marriage terminated Diane Kessler's dower interest, the trial court did not err in excluding that interest from the judgment. Accordingly, we overrule Kessler's second, fourth, and sixth assignments of error.

{¶ 21} By Kessler's third assignment of error, she argues that Wells Fargo's mortgage is invalid. Kessler lacks standing to assert that argument.

{¶ 22} "Appeal lies only on behalf of a party aggrieved by the final order appealed from." *Ohio Contract Carriers Assn., Inc. v. Pub. Util. Comm.*, 140 Ohio St. 160 (1942), syllabus. A party is aggrieved, and thus has standing to appeal, if (1) she has a present interest in the subject matter of the litigation and (2) she has been prejudiced by the judgment of the trial court. *Willoughby Hills v. C. C. Bar's Sahara, Inc.*, 64 Ohio St.3d 24, 26 (1992); *Chase Bank USA, N.A. v. Jacobs*, 10th Dist. No. 11AP-343, 2012-Ohio-64, ¶ 7. To show prejudice, the party must demonstrate that the trial court's error injuriously affected her. *Ohio Contract Carriers Assn., Inc.* at 161.

{¶ 23} Generally, a party does not have standing to prosecute an appeal to protect the rights of a third party. *Axline v. Kevin R. Conners, LLC*, 10th Dist. No. 14AP-924, 2015-Ohio-4679, ¶ 43; *Warino v. Worldwide News Corp.*, 7th Dist. No. 12 MA 153, 2013-Ohio-5884, ¶ 14; *Mulqueeny v. Mentor Chiropractic Ctr., Inc.*, 11th Dist. No. 2001-L-034 (Apr. 12, 2002). In such an appeal, the appealing party is usually unable to demonstrate her own present interest in the appealed issue. *Axline* at ¶ 43.

{¶ 24} Here, Diane Kessler only claimed an interest in the instant action based on her supposed dower right in the Kingsmeadow property. As we have concluded that Kessler's dower interest terminated with the dissolution of her marriage, Kessler has no interest or right to protect in this litigation. By contesting the validity of the mortgage, Kessler advances the interests of persons who are not parties to this appeal, i.e., her ex-husband and other lienholders. Kessler lacks standing to protect those interests. Accordingly, we overrule Kessler's third assignment of error.

{¶ 25} By her fifth assignment of error, Kessler complains that Wells Fargo did not address the law regarding dower in its summary judgment briefing. Kessler is incorrect. Accordingly, we overrule Kessler's fifth assignment of error.

{¶ 26} For the foregoing reasons, we overrule Kessler's six assignments of error, and we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

LUPER SCHUSTER and BRUNNER, JJ., concur.

_____