DECISION *Page 2 
{¶ 1} Defendants-appellants, James M. Ryan and James M. Ryan, Trustee, appeal from judgments of the Franklin County Court of Common Pleas, in which the court granted the motions of plaintiff-appellee, DB Midwest LLC ("DB Midwest"), to substitute parties and for appointment of a receiver. Because the trial court did not commit reversible error, we affirm.
I. Procedural History {¶ 2} Defendants' appeals involve several parcels of land, known as 185 through 205 E. Main Street in Columbus ("the property"). In November 1990, Ryan and Michael F. Colley executed a promissory note in favor of The Ohio Bank, Sky Bank's predecessor-in-interest, in the face amount of $130,000 ("Note 1"). Ryan and Colley also executed a promissory note in the face amount of $570,000 in favor of The Ohio Bank on that date. In the same month, Ryan, Colley and Fred H. Pitz ("Pitz") signed an Open End Mortgage, Assignments of Rents and Security Agreement. By its express terms, the document granted a mortgage upon the property to secure the $700,000 obligation under both promissory notes. On July 26, 2001, Ryan and Colley executed a promissory note in favor of Sky Bank, with a face amount of $400,000 ("Note 2"). The parties by agreement changed the terms of the loans several times.
 {¶ 3} On August 16, 2005, Colley apparently quitclaimed all of his interest in the property to Edward F. Whipps in trust; Colley's wife, Nancy, apparently quitclaimed to Whipps her dower interest in the property. Although the record contains no evidence of the transfers, the parties agree the property was transferred. *Page 3 
 {¶ 4} Whipps, as Trustee, filed a partition action on October 21, 2005 against Ryan and Ryan, as Trustee. In it, he claimed to be the owner of an undivided one-sixth interest in the property. Ryan filed his answer asserting the affirmative defense of failure to join Colley as an indispensable party. Ryan also asserted a counterclaim against Whipps, claiming he made improvements and payments respecting the property that benefited Whipps. Whipps answered the counterclaim, denying the allegations and asserting the affirmative defenses of estoppel, waiver, laches and accord and satisfaction.
 {¶ 5} On January 27, 2006, Sky Bank filed an action for money damages against Ryan and Colley, alleging they defaulted on Note 1. Ryan filed an answer generally denying the allegations and asserting the affirmative defense of failure to join Pitz as an indispensable party. Colley filed an answer and cross-claim against Ryan, alleging Ryan breached his agreement to manage the property, collect rent and pay expenses. Ryan answered the cross-claim, admitting to the agreement but denying any breach. He filed a cross-claim against Colley in quantum meruit for management services.
 {¶ 6} On February 7, 2006, Sky Bank filed a motion to intervene in the partition action, stating Colley and Ryan were in default on Note 1 and on their agreements, the obligations of which were secured by a mortgage on the property subject to the partition action. Sky Bank later amended its motion to further allege Ryan and Colley also were in default on Note 2, to add various lienholders as defendants in the partition actions, and to add Ryan's wife, Carolyn, as a party-defendant. The trial court granted Sky Bank's motion to intervene and to add additional parties. *Page 4 
 {¶ 7} On May 9, 2006, Sky Bank answered Whipps' partition complaint and, based upon Ryan and Colley's default on Note 2, filed a counterclaim against Whipps and a cross-claim for foreclosure on the property against Ryan, Ryan, as Trustee, Carolyn, and the other lienholders. Sky Bank alleged it was owed $335,666.89, plus interest on Note 2. All but one of the lienholders that Sky Bank added filed answers stating they had no interest in the property and seeking to be dismissed as parties.
 {¶ 8} Ryan, Ryan, as Trustee, and Carolyn, answered the cross-claim for foreclosure asserting the affirmative defense of failure to join Colley, an obligor on the notes, as an indispensable party. They also filed a third-party complaint against Colley, alleging that Colley was jointly liable as a joint maker of the notes. Colley generally denied the substantive allegations of the third-party complaint.
 {¶ 9} On August 3, 2006, Sky Bank moved to consolidate the partition/foreclosure action with its action for damages against Ryan and Colley premised on their default on Note 1. The trial court granted the consolidation motion. After consolidation, Sky Bank filed a motion for summary judgment on both its counterclaim and cross-claim for foreclosure, as well as its complaint for money damages on Note 1.
 {¶ 10} The trial court granted Sky Bank's motion for summary judgment. Ryan and Ryan, as Trustee, filed a notice of appeal to this court. The trial court then journalized a decree of foreclosure and order of sale in which it granted judgment in the amount of $72,023.25, plus interest, against Ryan and Colley on Sky Bank's claim for money damages on Note 1. The trial court further ordered a judicial sale of the property *Page 5 
and found the amount of $335,666.89, plus interest, and any sums advanced, due and owing on Note 2 and ordered they be paid out of the proceeds of the sale.
 {¶ 11} On appeal, this court affirmed the judgment of the trial court. See Whipps v. Ryan, 10th Dist. No. 07AP-231, 2008-Ohio-1216. While the appeal was pending, a sheriff's sale was set on the property for September 14, 2007. Sky Bank, however, filed a motion to withdraw the sale, and the trial court granted the motion.
 {¶ 12} Ryan then filed a Civ. R. 60(B) motion on April 18, 2008 to vacate the decree of foreclosure. Ryan alleged that he was entitled to relief from judgment because the trial court rendered its decision without reviewing the terms of the Construction Permanent Commitment and Loan Agreement. According to Ryan, the agreement granted Ryan and Colley an opportunity to cure a default after Sky Bank provided a mandatory 30-day written notice of default to Ryan and Colley. Sky Bank filed a memorandum contra, asserting the alleged defense had not previously been raised and was frivolous. The trial court denied the motion to vacate on July 15, 2008.
 {¶ 13} After Sky Bank merged with the Huntington National Bank ("the Huntington"), DB Midwest purchased the loans from Sky Bank and received an assignment of the mortgage securing the loans. Sky Bank filed a motion to substitute DB Midwest for Sky Bank, nka Huntington. Ryan and Ryan, as Trustee, objected to the motion for substitution of party.
 {¶ 14} While the motion for substitution of party was pending, Sky Bank filed a motion for appointment of a receiver. After a second sheriff's sale was scheduled and no bids were received, Sky Bank proceeded with its request to have a receiver appointed. Ryan, Ryan, as Trustee, and Carolyn, opposed the motion. On August 27, *Page 6 
2008, the trial court granted Sky Bank's motion for appointment of receiver; Ryan, and Ryan, as Trustee, filed a notice of appeal from the entry. On the same day, the trial court granted Sky Bank's motion for substitution of party; Ryan, and Ryan, as Trustee, filed a notice of appeal. The two appeals were consolidated.
 {¶ 15} In the two consolidated appeals, defendants assign the following errors:
Assignment of Error #1
 THE TRIAL COURT ERRED IN ITS DECISION AND ENTRY APPOINTING RECEIVER DATED AUGUST 27, 2008, IN WHICH IT FOUND THAT AN APPEAL BY APPELLANTS STAYED THE SALE OF 185 THROUGH 205 E. MAIN STREET, COLUMBUS, OHIO.
 Assignment of Error #2
 THE TRIAL COURT ERRED BY SUA SPONTE VACATING AND MODIFYING ITS FINAL ORDER OF DECREE OF FORECLOSURE AND ORDER OF SALE AND BY APPOINTING A RECEIVER TO SELL THE PROPERTY AT 185 THROUGH 205 E. MAIN STREET, COLUMBUS, OHIO THEREBY DENYING APPELLANTS THEIR RIGHT TO DUE PROCESS AND TO A COMMERCIALLY REASONABLE SALE.
 Assignment of Error #3
 THE TRIAL COURT ERRED IN FAILING TO COMPLY WITH CIVIL RULE 58(B) BY FAILING TO NOTIFY THE PARTIES OF A FINAL APPEALABLE ORDER IN ITS DECISIONS OF JULY 15, 2008 AND AUGUST 27, 2008.
 Assignment of Error #4
 THE TRIAL COURT ERRED BY ITS FINDINGS THAT THE MORTGAGE DOCUMENTS COVERING 185 THROUGH 205 E. MAIN STREET CLEARLY STATE THAT A RECEIVER MAY BE APPOINTED "TO SELL THE PROPERTY COVERED BY THE MORTGAGE." *Page 7 
 Assignment of Error #5
 THE TRIAL COURT ERRED IN FAILING TO GRANT APPELLANTS' CIVIL RULE 60 MOTION TO VACATE ITS DECREE OF FORECLOSURE AND ORDER OF SALE AS APPELLANTS DEMONSTRATED THAT IT PRESENTED A MERITORIOUS DEFENSE AND CLAIM, RELIEF IS APPROPRIATE UNDER THE GROUNDS STATED IN CIVIL RULE 60(B)(1) THROUGH (5) AND THE MOTION WAS MADE TIMELY.
 Assignment of Error #6
 THE TRIAL COURT ERRED IN ITS DECISION AND ENTRY DENYING RYAN'S MOTION TO VACATE JUDGEMENT [sic] BY ITS FINDING THAT CIVIL RULE 60(B)(3) THROUGH (5) DO NOT APPLY TO THE CIRCUMSTANCES IN THE CASE.
II. First Assignment of Error {¶ 16} In their first assignment of error, defendants contend the trial court erred when, in its decision appointing a receiver, it stated defendants' appeal stayed the sale of the property. In its decision on August 27, 2008, the trial court stated: "Defendant James Ryan and Cross Claimants, James Ryan, Carolyn P. Ryan, and James M. Ryan Trustee, appealed the decision, thus staying the sale." (Decision, 1-2.) Defendants argue that "as a result of this finding by the trial court, the court did not have any jurisdiction of consolidated cases 05 CVH 11685 and 06 CVH 1244 during the pendency of Appeals cases 07 APE 231 and 07 APE 232, which were filed on March 22, 2007."
 {¶ 17} The appeals defendants reference were filed on March 22, 2007; the decision affirming them was rendered on March 18, 2008; and the decision appointing a receiver was not rendered until August 27, 2008. While the trial court's decision may *Page 8 
wrongly state a stay was in place, both appeals were concluded by the time the decision was rendered and any error occurred. Defendants thus suffered no prejudice from the statement. The first assignment of error is overruled.
III. Second Assignment of Error {¶ 18} Defendants' second assignment of error contends the trial court erred by sua sponte (1) vacating and modifying its final decree of foreclosure and order of sale, and (2) appointing a receiver. Defendants contend the trial court's actions denied them their right to due process and to a commercially reasonable sale.
 {¶ 19} Defendants' argument regarding the decree of foreclosure and order of sale is premised on an assumption that they appealed from the October 1, 2008 entry so ordering, but they did not. Defendants filed their notices of appeal from the August 27, 2008 entries. Accordingly, their argument regarding that order is not before us.
 {¶ 20} Defendants also contend the trial court had no authority to appoint a receiver and set forth the receiver's duties. Initially, we note that plaintiff filed a motion for appointment of receiver, and defendants filed a memorandum contra, so the appointment was not sua sponte.
 {¶ 21} Secondly, section 25 of the mortgage documents authorizes the appointment of a receiver. It provides for the appointment if defendants' "breach of any covenant or agreement of Borrower in this Instrument." In those circumstances the documents allow the lender or "a court-appointed receiver, regardless of the adequacy of Lender's security," to "enter upon and take and maintain full control of the Property in order to perform all acts necessary and appropriate for the operation and maintenance" *Page 9 
of the property, "including, but not limited to, the execution, cancellation and modification of leases," collecting "all rents and revenues of the Property," making "repairs to the Property," and executing or terminating "contracts providing for the management of the Property, all on such terms as are deemed best to protect the security of this Instrument." Were any doubt to exist about defendants' agreement to a receiver, section 25 specifically provides that if the lender elects to seek such an appointment under the terms of the agreement, "Borrower hereby expressly consents to the appointment of such receiver. Lender or the receiver shall be entitled to receive a reasonable fee for so managing the Property."
 {¶ 22} Finally, defendants argue they are not responsible for paying the receiver's fees and expenses. They assert that since they neither moved for a stay of the sheriff's sale on September 14, 2007, nor had an opportunity to object when the trial court withdrew the sheriff's sale, the trial court acted beyond its authority and jurisdiction in vacating its decree of foreclosure and order of sale and in appointing a receiver. Contrary to defendants' assertions, the trial court did not vacate its decree of foreclosure and order of sale. Instead, pursuant to the mortgage documents to which defendants agreed, the court appointed the receiver to which defendants consented. The mortgage documents further set forth defendants' consent to reasonable receiver fees.
 {¶ 23} Further supporting the trial court's actions, R.C. 2735.01(B) permits the appointment of a receiver "[i]n an action by a mortgagee, for the foreclosure of his mortgage and sale of the mortgaged property, when it appears * * * the property is probably insufficient to discharge the mortgage debt[.]" In their memorandum contra appointment of a receiver, Ryan, Ryan, as Trustee, and Carolyn argued that Sky Bank *Page 10 
negligently caused a substantial reduction in the property's value from $1,200,000 to almost $400,000. Thus, defendants acknowledged the property was "probably insufficient to discharge the mortgage debt" and at the same time admitted a statutory basis for the trial court's decision to appoint a receiver.
 {¶ 24} In the end, the trial court did not err in sua sponte vacating and modifying its final order of decree of foreclosure and order of sale, since it did not do so. Nor did it err in appointing a receiver to sell the property, since it was permitted to do so by the mortgage documents and R.C. 2735.01. Defendants' second assignment of error is overruled.
IV. Third Assignment of Error {¶ 25} In their third assignment of error, defendants contend the clerk of courts erred in failing to comply with Civ. R. 58(B) when it did not notify the parties of a final appealable order in the trial court's decisions and entries of July 15, 2008 and August 27, 2008.
 {¶ 26} Civ. R. 58(B) provides that when a court signs a judgment, it "shall endorse thereon a direction to the clerk to serve upon all parties not in default for failure to appear notice of the judgment and its date of entry upon the journal." The clerk, in turn, must serve the parties "[w]ithin three days of entering the judgment upon the journal * * * and note the service in the appearance docket." Once the clerk serves notice and notes "the service in the appearance docket, the service is complete. The failure of the clerk to serve notice does not affect the validity of the judgment or the running of the time for appeal except as provided in App. R. 4(A)." *Page 11 
 {¶ 27} Defendants filed a timely notice of appeal from the August 27, 2008 judgment appointing a receiver, so, to the extent they contend that entry was not served in compliance with Civ. R. 58(B), their third assignment of error is moot. The same cannot be said for the trial court's July 15, 2008 judgment denying defendants' Civ. R. 60(B) motion to vacate: even though the judgment denying that motion is a final appealable order, defendants did not file a notice of appeal within 30 days. See Colley v. Bazell (1980), 64 Ohio St.2d 243, paragraph one of the syllabus (holding that "[a] judgment overruling a Civ. R. 60(B) motion for relief from a default judgment is a final appealable order"). Similarly, although defendants attached the July 15, 2008 judgment to their notice of appeal filed timely after the trial court's August 27, 2008 judgment, that notice of appeal is not timely as to the July 15, 2008 judgment.
 {¶ 28} Nonetheless, the record contains nothing to suggest the clerk of courts served the notice in compliance with Civ. R. 58(B). Accordingly, the time for appeal was tolled. See App. R. 4(A) (providing that a party must file a notice of appeal within 30 days of the later of entry of judgment or "service of the notice of judgment and its entry if service is not made on the party within the three day period in Rule 58(B) of the Ohio Rules of Civil Procedure"). As a result of App. R. 4(A), defendants' appeal regarding the trial court's July 15, 2008 judgment is not untimely.
 {¶ 29} Because defendants attached the July 15, 2008 judgment to their notice of appeal, and their fourth, fifth, and sixth assignments of error raise issues regarding the July 15, 2008 denial of their Civ. R. 60(B) motion, we address those assigned errors. Defendants' third assignment of error is sustained to the extent indicated. *Page 12 
V. Fourth Assignment of Error {¶ 30} Defendants' fourth assignment of error contends the trial court erred when it determined the mortgage documents state that a receiver may be appointed "to sell the property covered by the mortgage." Defendants did not raise this argument in the trial court. Issues not raised in the trial court may not be raised for the first time on appeal because such issues are deemed waived. State v. Burge (1993),88 Ohio App.3d 91, 93, citing State v. Comen (1990), 50 Ohio St.3d 206, 211.
 {¶ 31} Apart from issues of waiver, defendants' contentions lack merit. As noted, section 25 of the mortgage documents, with defendants' consent, gives broad powers to the receiver. Moreover, R.C. 2735.04
provides that a receiver has the power to make transfers and "generally do such acts respecting the property as the court authorizes." While the mortgage documents may not specifically state that the receiver has the authority to sell the property, the mortgage documents and R.C. 2735.04
together give the receiver the power to do so. The trial court did not err by finding that a receiver properly could be appointed to sell the property subject of the mortgage. Defendants' fourth assignment of error is overruled.
VI. Fifth and Sixth Assignments of Error {¶ 32} The fifth and sixth assignments of error are related and shall be addressed together. In them, defendants contend the trial court erred in denying their Civ. R. 60(B) motion.
 {¶ 33} In order to prevail on a motion for relief from judgment under Civ. R. 60(B), a movant must demonstrate that (1) the movant has a meritorious defense or claim to present if relief is granted; (2) the movant is entitled to relief under one of the grounds *Page 13 
stated in Civ. R. 60(B)(1) through (5); and (3) the motion is made within a reasonable time. Perry v. Gen. Motors Corp. (1996),113 Ohio App.3d 318, citing GTE Automatic Elec. v. ARC Industries (1976),47 Ohio St.2d 146. If Civ. R. 60(B)(1), (2) or (3) are the grounds for relief, the motion must be made within one year after the judgment, order, or proceeding was entered or taken; otherwise, the motion must be made within a reasonable time. Id.
 {¶ 34} The decision to grant or deny a Civ. R. 60(B) motion is left to the sound discretion of the trial court and will not be reversed on appeal absent a showing of abuse of discretion. Id. The term abuse of discretion connotes more than an error of law or judgment; it implies the court's attitude was arbitrary, unreasonable, or unconscionable.State ex rel. Lindenschmidt v. Butler Cty. Bd. of Commrs. (1995),72 Ohio St.3d 464. Where a meritorious defense is presented and the motion is timely, doubts regarding whether one of the grounds for relief set forth in Civ. R. 60(B)(1) through (5) exists should be resolved in favor of the motion so that cases can be decided on their merits.GTE, supra.
 {¶ 35} In their fifth assignment of error, defendants contend the trial court erred in failing to grant their Civ. R. 60(B) motion because, they argue, they presented a meritorious defense and claim, relief is appropriate under the grounds stated in Civ. R. 60(B)(1) through (5), and the motion was made timely. Their sixth assignment of error contends the trial court erred when it concluded Civ. R. 60(B)(3) through (5) do not apply to the circumstances in the case.
 {¶ 36} Defendants initially assert they presented the defense that Sky Bank (1) failed to provide defendants with the required 30-day notice of default and right to cure *Page 14 
prior to filing suit, and (2) failed to include in its complaint and pleadings the Commitment Letter and Loan Agreement as Civ. R. 10(D) requires. The trial court held that because defendants failed to assert any defense in their answer apart from failure to join a necessary party, defendants waived their affirmative defenses when they did not raise them in responsive pleadings. See Civ. R. 8(C) and 12(B).
 {¶ 37} We need not resolve whether defendants' arguments regarding the 30-day notice are affirmative defenses that needed to be asserted in an answer, as the defenses are not meritorious in this case. The 30-day notice to cure provision was implicated if the Huntington exercised the cognovit provisions of notes; they were not exercised in this case. Because the 30-day notice provision does not apply here, it need not be attached. Moreover, defendants' contentions regarding the attachments to the complaint fail under the provisions of Civ. R. 60(B)(1) through (5).
 {¶ 38} Defendants initially contend the trial court's conclusions demonstrate excusable neglect in their attorney's failure to attach the Commitment Letter and Loan Agreement to their pleadings. See Civ. R. 60(B)(1) (providing mistake, inadvertence, surprise or excusable neglect as a basis to vacate a judgment). Defendants, at the same time, also argue the trial court erred in concluding the burden should be on defendants to attach the documents at all. Since some of the documents are not relevant and need not be attached, and others were available to defendants throughout the litigation, their absence does not demonstrate excusable neglect or error that warrants vacating the trial court's judgment.
 {¶ 39} The documents are also not newly-discovered evidence pursuant to Civ. R. 60(B)(2) (stating "newly discovered evidence which by due diligence could not have *Page 15 
been discovered in time to move for a new trial under Rule 59(B)" is a basis for relief). Civ. R. 60(B)(3) and (4) do not apply because defendants do not allege fraud, misrepresentation or misconduct, and the judgment has not been satisfied. See Civ. R. 60(B)(4) and (5) (stating relief may be appropriate in the case of fraud, misrepresentation or misconduct or when the judgment has been "satisfied, reversed or otherwise vacated"). Since the reasons defendants posit do not justify relief from the judgment, the trial court did not err in finding that Civ. R. 60(B)(5) did not apply to these circumstances. See Civ. R. 60(B)(5) (stating a grounds for relief may be "any other reason justifying relief from the judgment").
 {¶ 40} Defendants also argue that the trial court erred in not giving their new counsel adequate time to respond to Sky Bank's motion for summary judgment. Their argument is unpersuasive. Initially, the motion for leave to file the motion for summary judgment was filed on October 12, 2006; the motion was not ruled on until March 16, 2007. We cannot find that the trial court abused its discretion in ruling on the motion after five months. Moreover, defendants had the opportunity to have the issues regarding the motion for summary judgment addressed through the appeal process and did not pursue it.
 {¶ 41} The trial court thus did not err in overruling defendants' Civ. R. 60(B) motion. Defendants' fifth and sixth assignments of error are overruled.
 {¶ 42} For the foregoing reasons, defendants' first, second, fourth, fifth, and sixth assignments of error are overruled, the third assignment of error is sustained to the extent indicated, allowing us to address the fourth, fifth, and sixth assignments of error *Page 16 
which are either overruled or moot. The judgments of the Franklin County Court of Common Pleas are affirmed.
Judgments affirmed.
KLATT and CONNOR, JJ., concur. *Page 1