[Cite as *Whipps v. Ryan*, 2013-Ohio-4334.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Edward F. Whipps, Trustee, | : | |
| Plaintiff-Appellee, | : | |
| | | No. 12AP-509 |
| v. | : | (C.P.C. No. 05CVH-10-11685) |
| James M. Ryan, | : | (REGULAR CALENDAR) |
| Defendant-Appellant. | : | |

D E C I S I O N

Rendered on September 30, 2013

*James M. Ryan*, pro se.

APPEAL from the Franklin County Court of Common Pleas

CONNOR, J.

{¶ 1}   Defendant-appellant, James M. Ryan ("Ryan"), appeals from entries of the Franklin County Court of Common Pleas confirming the sale of property and ordering deed and distribution; approving the receiver's final report; terminating the receivership and releasing bond; and approving the receiver's final application for approval of fees and costs.  For the reasons that follow, we sua sponte dismiss the appeal for lack of final appealable order.

## I.  FACTS AND PROCEDURAL HISTORY

{¶ 2}   This case concerns several parcels of land located on East Main Street in Columbus, Ohio ("the property").  The dispute over the property has spanned several years and has been extensively examined by our prior decisions.  *See Whipps v. Ryan*, 10th Dist. No. 07AP-231, 2008-Ohio-1216 ("*Whipps I*")*; Whipps v. Ryan*, 10th Dist. No. 08AP-838, 2009-Ohio-2228; and *Whipps v. Ryan*, 10th Dist. No. 10AP-167, 2011-Ohio-

3300 ("*Whipps II*").   The following facts are relevant to the disposition of the instant appeal.

{¶ 3}   In November 1990, Ryan and Michael F. Colley executed two promissory notes in favor of The Ohio Bank.  The face amount of the first note was $130,000, and the face amount of the latter note was $570,000.  At the same time, Ryan, Colley, and Fred H. Pitz executed an open-end mortgage, an assignment of rents, and a security agreement to secure the obligations under the promissory notes.  In July 2001, Ryan and Colley executed a promissory note in favor of Sky Bank, with the face amount of $400,000.  The November 1990 mortgage secured the $400,000 note.   In August 2005, Colley quitclaimed all of his interest in the property to Edward F. Whipps ("Whipps") in trust.  *See Whipps I* at ¶ 2-6.

{¶ 4}   In October 2005, Whipps filed a complaint for partition against Ryan.  On January 17, 2006, Ryan filed an answer and a counterclaim against Whipps for contribution.  Ryan's counterclaim asserted that he had made substantial improvements to the property, paid real estate taxes, and made mortgage payments, thereby benefitting Whipps' ownership interest in the property.  Whipps replied to Ryan's counterclaim, asserting that the counterclaim was barred by the doctrines of laches, waiver, accord and satisfaction, and estoppel.

{¶ 5}   In January 2006, Sky Bank filed a complaint for money damages against Ryan and Colley regarding the $130,000 note.  Sky Bank alleged that it was the successor in interest to The Ohio Bank, and that Ryan and Colley had defaulted on the promissory note.  Colley filed an answer to Sky Bank's complaint and filed a cross-claim against Ryan.  Colley's cross-claim alleged that Ryan breached an agreement with Colley, whereby Ryan had agreed to manage the property, account for rental income, and pay expenses associated with the property.  Ryan filed an answer to Colley's cross-claim acknowledging the management arrangement, but denying that he had breached the agreement.  Ryan also filed a cross-claim against Colley, asserting a claim in quantum meruit for Ryan's management services and claiming that Colley breached an agreement Colley had with Sky Bank and Ryan by failing to make payments on the note.

{¶ 6}   On February 7, 2006, Sky Bank filed a motion to intervene in the partition action, noting that it held a mortgage on the property which was the subject of the

partition action.  The trial court granted Sky Bank's motion to intervene, and Sky Bank filed an answer to the partition complaint, as well as a cross-claim and counterclaim for foreclosure.

{¶ 7}  Ryan answered Sky Bank's cross-claim for foreclosure on July 5, 2006.  Ryan also filed a third-party complaint against Colley, alleging that Colley was jointly liable as a joint maker on the instruments which were the subject of the foreclosure action, and that Colley was liable to Ryan for contribution.  Colley filed an answer to the third-party complaint.

{¶ 8}  On August 3, 2006, Sky Bank moved to consolidate the partition/foreclosure action and the money damages action.  The trial court granted Sky Bank's motion to consolidate.  Thereafter, Sky Bank filed a motion for summary judgment on its cross-claim and counterclaim for foreclosure, and on its complaint for money damages.  Sky Bank asserted that the amount due on the $130,000 note was $72,023.25 plus interest, and that the amount due on the $400,000 note was $335,666.89 plus interest.  The court granted Sky Bank's motion for summary judgment on March 16, 2007, and issued a decree of foreclosure and order of sale on April 19, 2007.

{¶ 9}  On May 23, 2008, Sky Bank moved to substitute DB Midwest, LLC ("DB Midwest"), noting that DB Midwest had purchased the loans which were the subject of the action.  Sky Bank filed a motion for appointment of a receiver on July 16, 2008.  The trial court granted the motion for substitution and the motion for appointment of a receiver.

{¶ 10} On November 5, 2009, Boca Environmental, Inc., filed a motion to intervene in the action, asserting that it was the purchaser of five tax certificates related to the property.  The trial court granted Boca's motion to intervene, and Boca filed an answer and cross-claim on January 25, 2010.  Boca attached the tax certificates to its cross-claim and asserted that, as the purchaser of the tax certificates, it was "vested with the first liens previously held by the State of Ohio and its taxing districts for the amount of taxes" on the property.  (R. 227; Boca's cross-claim, ¶ 5.)

{¶ 11} The sheriff sold the property to Metro Properties, Inc., Premium Financial Corporation, and Diamonds in the Rough Investments, LLC ("bidders") on December 23, 2011 for $400,000.  On March 5, 2012, the bidders filed a motion to set aside the sheriff's sale; the court denied the motion.

{¶ 12} The court issued an entry confirming sale of the property and ordering deed and distribution on May 17, 2012.  The court ordered that the $400,000 sale price be distributed as follows: $3,277 to the clerk of courts for the cost of the action, $243,700.50 to the Franklin County Treasurer for real estate taxes owing on the various parcels which comprise the property, $50 to the Franklin County Sheriff for the deed, $75 to the Franklin County Sheriff for deed recording and conveyance, $44 to the Franklin County Recorder for deed recording costs, $802.50 to the Franklin County Auditor for transfer and conveyance fee, and $152,051 to DB Midwest as credit toward its balance on the notes.  Ryan filed a notice of appeal from the confirmation order on June 13, 2012.

{¶ 13} On June 18, 2012, DB Midwest filed a motion under R.C. 2323.52, asking the court to declare Ryan a vexatious litigator. In response, Ryan filed a Civ.R. 12(E) motion for a definite statement.

{¶ 14} On July 6, 2012, the trial court sua sponte issued an amended entry confirming the sale of the property and ordering deed and distribution.  The amended entry altered the distribution of the sale proceeds, removing the specific payments to the Franklin County Sheriff, Franklin County Recorder, and Franklin County Auditor, and instead provided for a $6,000 payment for poundage.  The poundage payment decreased the distribution to DB Midwest to $147,022.50.  Ryan filed an amended notice of appeal on July 10, 2012, indicating that he was appealing the amended confirmation order.

{¶ 15} On July 25, 2012, the receiver filed a final report and motion for termination of receivership and release of bond, and filed a final application for approval of fees and costs.

{¶ 16} On August 1, 2012, the trial court granted DB Midwest's motion and entered an order declaring Ryan a vexatious litigator under R.C. 2323.52.  In accordance with R.C. 2323.52(D)(1)(a) through (c), the court ordered that Ryan must request and obtain leave of court before instituting legal proceedings in certain courts.  Ryan requested leave to appeal the order declaring him a vexatious litigator, and this court granted his request. The vexatious litigator order is the subject of a separate appeal pending before this court.

{¶ 17} On August 3, 2012, the trial court issued an order approving the receiver's final application for approval of fees and costs, and issued an order approving the

receiver's final report, terminating receivership and releasing bond. The latter order terminated the receivership, and discharged the receiver from its duties.

{¶ 18} On August 16, 2012, we issued a journal entry granting Ryan's motion for leave to amend his notice of appeal to include the August 3, 2012 orders approving the receiver's final report, terminating receivership, releasing bond, and approving the receiver's final application for approval of fees and costs. Ryan filed an amended notice of appeal on August 17, 2012.

## II. ASSIGNMENTS OF ERROR

{¶ 19} Ryan appeals, assigning the following errors:

> [I.] The Trial Court Erred in docketing its Amended Order Confirming Sale of 185, 193, 195, 203, 205 E. Main Street, Columbus, Ohio and Ordering and Distribution dated July 6, 2012 r-324 as the Trial Court lacked Subject Matter jurisdiction due to a pending appeal to the Tenth District Court of Appeals of its May 17, 2012 Entry Confirming Sale
>
> [II.] The Trial Court Erred in docketing its Order Approving Final Report, Terminating Receivership, and Releasing Bond r-327 & its Order Approving Receiver's Final Application for Approval of Fee's and Costs r-328 both dated August 3, 2012 as the Trial Court lacked subject matter jurisdiction due to a pending appeal to the Tenth District Court of Appeals of its May 17[,] 2012 Order Confirming Sale of 185, 193, 195, 203, 205 E. Main Street, Columbus, Ohio and Ordering Deed and Distribution r-312 appeal No. 12 AP-06-509 r-313.
>
> [III.] The Trial Court Erred by prematurely Granting the Receiver's Order Approving Final Report, Terminating Receivership, and Releasing Bond r-327 & its Order Approving Receiver's Final Application for Approval of Fee's and Costs r-328 on August 3, 2012 as said Final Orders failed to provide Defendant James M. Ryan his right to file his answer Brief (Memorandum Contra) in accordance with Franklin County Common Pleas Court's Local Rule 21.01, thereby denying his rights to Procedural Due Process as guaranteed under Article 1 Section 1 & 16 of the Ohio Constitution and the 14th Amendment Section 1 of the United States Constitution.
>
> [IV.] The Trial Court erred in docketing its May 17, 2012 Order Confirming Sale of 185, 193, 195, 203, 205 E. Main

Street, Columbus, Ohio and Ordering Deed and Distribution r-312 as the proceedings of the case did not conform to the Injunction & Stay issued by the Trial Court dated October 1, 2008 r-187.

[V.] The Trial Court Erred in docketing its Decision and Entry Denying Defendant Ryan's Motions docketed April 15, 2011 r-254 for the reason that the Trial Court erred in its determination that the Court had no jurisdiction to consider the motion. The Trial Court does continue to have jurisdiction over its Receiver during a pendency of an appeal of its case. Appellant has the right to file an action against the Receiver if it appears he, she or it is failing to perform the fiduciary duties [sic] set forth in his, her or its appointment and in accordance with Ohio Revised Code Section 2735 et seq. and the Local Rules of the Franklin County Common Pleas Court.

[VI.] The Trial Court lacked jurisdiction and subject matter jurisdiction over the Treasurer of Franklin County Ohio and the issue of real estate taxes as the Treasurer was not named a party to the Action and failed to present any claims to be adjudicated upon. That portion of the Decree of Foreclosure and Order of Sale dated April 19, 2007, the Order Confirming Sale of 185, 193, 195, 203, 205 E. Main Street, Columbus Ohio and Ordering Deed and Distribution dated May 17, [2012] and the Amended Order Confirming Sale of 185, 193, 195, 203, 205 E. Main St. Columbus Ohio and Ordering Sale and Distribution

[VII.] Time for Appeal has been tolled on the judgment entry dated April 15, 2011 Entry (Assignment of Error # 5) in accordance with Appellant Rule 4(A) as the Trial court has not included Civil Rule 58(B) language in this Entry and the Clerk of the Common Pleas Court of Franklin County has not served a Notice of Filing in accordance with Civil Rule 58(B) for either Entry.

[VIII.] The Trial Court Erred and abused its discretion in docketing its May 17, 2012 Order Confirming Sale of 185, 193, 195, 203, 205 E. Main St. Columbus Ohio and Ordering Deed and Distribution and its July 6, 2012 Amended Order Confirming Sale of 185, 193, 195, 203, 205 E. Main Street Columbus Ohio and Ordering Deed and Distribution (in the alternative to Assignment #1) as the sale was not conducted in accordance with Ohio Revised Code Section 2329.01 thru 2329.61 and there are questions regarding lack of

> accountability regarding issues of material fact as well as issues of fact that are inconsistent pertaining to the Trial Court's Orders of distribution of the proceeds of the sale.

(Sic Passim.)

### III. JURISDICTION

{¶ 20} Because the entries on appeal before this court are not final appealable orders, we are unable to reach the merits of Ryan's eight assignments of error.

{¶ 21} The Ohio Constitution, Article IV, Section 3(B)(2) and R.C. 2505.03 limit this court's appellate jurisdiction to the review of final orders of lower courts. " '[T]he entire concept of "final orders" is based upon the rationale that the court making an order which is not final is thereby retaining jurisdiction for further proceedings. A final order, therefore, is one disposing of the whole case or some separate and distinct branch thereof.' " *Browder v. Shea,* 10th Dist. No. 04AP-1217, 2005-Ohio-4782, ¶ 10, quoting *Noble v. Colwell,* 44 Ohio St.3d 92, 94 (1989), quoting *Lantsberry v. Tilley Lamp Co.,* 27 Ohio St.2d 303, 306 (1971). Conversely, " ' "[a] judgment that leaves issues unresolved and contemplates that further action must be taken is not a final appealable order." ' " *Id.,* quoting *State ex rel. Keith v. McMonagle,* 103 Ohio St.3d 430, 2004-Ohio-5580, ¶ 4, quoting *Bell v. Horton,* 142 Ohio App.3d 694, 696 (4th Dist.2001).

{¶ 22} An appellate court may raise, sua sponte, the jurisdictional question of whether an order is final and appealable. *See Chef Italiano Corp. v. Kent State Univ.,* 44 Ohio St.3d 86, 87 (1989); *State ex rel. White v. Cuyahoga Metro. Hous. Auth.,* 79 Ohio St.3d 543, 544 (1997). Moreover, we must sua sponte dismiss an appeal that is not from a final appealable order. *See Kopp v. Associated Estates Realty Corp.,* 10th Dist. No. 08AP-819, 2009-Ohio-2595, ¶ 6, citing *Whitaker-Merrell Co. v. Geupel Constr. Co.,* 29 Ohio St.2d 184, 186 (1972).

{¶ 23} An order of a court is "a final, appealable order only if the requirements of both Civ.R. 54(B), if applicable, and R.C. 2505.02 are met." *Chef Italiano* at 88. Thus, when determining whether a judgment or order is final and appealable, the appellate court engages in a two-step analysis. *In re Estate of L.P.B.,* 10th Dist. No. 11AP-81, 2011-Ohio-4656, ¶ 10. "First, we must determine if the order is final within the requirements of R.C. 2505.02. Second, if the order satisfies R.C. 2505.02, we must determine whether

Civ.R. 54(B) applies and, if so, whether the order contains a certification that there is no just reason for delay."  *Id.*

{¶ 24} As applicable to the matter before us, R.C. 2505.02(B) defines a final order as any of the following:

> (1) An order that affects a substantial right in an action that in effect determines the action and prevents a judgment;
>
> (2) An order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment.

{¶ 25} Civ.R. 54(B) provides that "[w]hen  more than one claim for relief is presented in an action whether as a claim, counterclaim, cross-claim, or  third-party claim," or when the action involves multiple parties, " the court may enter final judgment as to one or more but fewer than all of the claims or parties only upon an express determination that there is no just reason for delay."  "Thus, in multiple-claim or multiple-party actions, if the court enters judgment as to some, but not all, of the claims and/or parties, the judgment is a final appealable order only upon the express determination that there is no just reason for delay."  *In re Estate of L.P.B.* at ¶ 9.  While recitation of the "no just reason for delay" language is not a "mystical incantation which transforms a nonfinal order into a final appealable order," the language can "transform a final order into a final appealable order."  *Wisintainer v. Elcen Power Strut Co.*, 67 Ohio St.3d 352, 354 (1993), citing *Chef Italiano.*

{¶ 26} The orders which are the subject of the instant appeal are the May 17, 2012 original entry confirming sale and ordering deed and distribution; the July 6, 2012 amended entry confirming sale and ordering deed and distribution; the August 3, 2012 entry approving the receiver's final report, terminating receivership, and releasing bond; and the August 3, 2012 entry approving the receiver's final application for approval of fees and costs.  The orders at issue do not contain the Civ.R. 54(B) "no just reason for delay" determination.

{¶ 27} In a foreclosure action, the confirmation of the sheriff's sale is an order affecting a substantial right in a special proceeding, and qualifies as a final order under R.C. 2505.02(B)(2).  *See Fifth Third Mtge. Co. v. Rankin*, 4th Dist. No. 11CA18, 2012-

Ohio-2804, ¶ 11, citing *Triple F Invests., Inc. v. Pacific Fin. Servs., Inc.*, 11th Dist. No. 2000-P-0090 (June 2, 2001); *PNMAC Mtge. Co., L.L.C. v. Sivula*, 8th Dist. No. 98082, 2012-Ohio-4939, ¶ 11; *Bank One v. DWT Realty, Inc.*, 7th Dist. No. 04 MA 206, 2006-Ohio-7271, ¶ 33, quoting *Citizens Loan & Sav. Co. v. Stone*, 1 Ohio App.2d 551, 552-53 (2d Dist.1965); *NBD Mtge. Co. v. Marzocco*, 2d Dist. No. 18824 (Nov. 2, 2001); *Sky Bank v. Mamone*, 182 Ohio App.3d 323, 2009-Ohio-2265, ¶ 24 (8th Dist.) (finding that R.C. 2329.27, "therefore, provides that an order confirming the sale, although a phase of the entire foreclosure action, is itself a final, appealable order"). Accordingly, the May 17, 2012 confirmation order and the July 6, 2012 amended confirmation order are final orders.

{¶ 28} "[A] receivership does not automatically end upon a change in circumstances or completion of the appointed task but, rather, continues until the court formally orders its termination." *Milo v. Curtis*, 100 Ohio App.3d 1, 6 (9th Dist.1994), citing *Hoover-Bond Co. v. Sun-Glow Industries, Inc.*, 57 Ohio App. 246 (3d Dist.1936). Thus, "[w]hile an order approving a receiver's final report and approving the definitive disposition of assets is a final appealable order, *Mandalaywala* [*v. Zaleski*, 124 Ohio App.3d 321 (10th Dist.1997)], an interim report setting values or otherwise covering ongoing administration of the assets is not." *Whipps II* at ¶ 9, citing *Bailey v. Bailey*, 9th Dist. No. 88CA004371 (Apr. 5, 1989); *Bailey v. Bailey*, 9th Dist. No. 99CA007364 (Dec. 6, 2000).

{¶ 29} The order approving the receiver's final application for fees and costs was not a final order, as the order alone did not terminate the receivership, and thus further action by the court regarding the receivership was required. *See Hall v. Hall*, 11th Dist. No. 2001-G-2393, 2002-Ohio-4363, ¶ 10 (sua sponte dismissing appeal from the trial court's denial of the appellant's motion for wages, because the "trial court ha[d] yet to terminate the receivership, [thus] there [was] no final appealable order in this case from which to appeal"). However, " '[i]t has been firmly established that an order appointing or removing a receiver is a final appealable order which affects a substantial right in a special proceeding.' " *Lakhi v. Healthcare Choices & Consultants, LLC*, 10th Dist. No. 06AP-806, 2007-Ohio-4127, ¶ 32, quoting *Parker v. Elsass*, 10th Dist. No. 01AP-1306, 2002-Ohio-3340, ¶ 53, citing *Mandalaywala* at 329. Accordingly, the August 3, 2012 order

approving the receiver's final report, terminating the receivership, and releasing bond was a final order, as the order removed the receiver.

{¶ 30} A thorough review of the record in this case reveals that claims remain pending. As noted, this action began when Whipps filed a complaint for partition against Ryan. Ryan then filed a counterclaim against Whipps for contribution. In the money damages action, Colley asserted a cross-claim against Ryan for breach of contract and Ryan asserted a cross-claim against Colley for breach of contract and quantum meruit. In response to the foreclosure action, Ryan also filed a third-party complaint against Colley asserting that Colley was jointly liable on the notes and that Colley was liable to Ryan for contribution. Boca's cross-claim, asserting that it held a first lien on the property as the purchaser of five tax certificates, also remains pending.

{¶ 31} Even assuming that the confirmation order effectively extinguished the partition complaint and Boca's cross-claim, and that the claims filed by Ryan are rendered moot by the order declaring him a vexatious litigator, Colley's cross-claim against Ryan for breach of contract remains pending in the action. *See Gen. Acc. Ins. Co. v. Ins. Co. of N. Am.*, 44 Ohio St.3d 17, 21 (1989), citing *Wise v. Gursky*, 66 Ohio St.2d 241 (1981); *Cent. Ohio Transit Auth. v. Timson*, 132 Ohio App.3d 41, 46-47 (10th Dist.1998), abrogated on other grounds by *Mayer v. Bristow*, 91 Ohio St.3d 3, 12-16 (2000); *Monroe v. Jewell*, 4th Dist. No. 1684 (May 17, 1988) (finding that, even if the entry ordering a foreclosure sale and setting lien priority "sufficiently disposed of defendant Bank One's cross-claim and third party complaint," the trial court had "failed to enter a judgment on the record with respect to defendant John J. Jewell's February 27, 1986 third party complaint against appellant, seeking damages," thus the summary judgment award, which "did not contain an express determination that there was no just reason for delay," was not a final appealable order). *See also Whipps I* at ¶ 20, quoting *Gilligan v. Robinson*, 10th Dist. No. 05AP-1028, 2006-Ohio-4619, ¶ 41 (observing that, through consolidation, cases become " 'one single action subject to the requirements of Civ.R. 54(B) and R.C. 2505.02' ").

{¶ 32} As noted above, the final orders at issue in this appeal do not contain the Civ.R. 54(B) "no just reason for delay" language. Although the confirmation orders and order terminating the receiver were final orders, because a claim remains pending in the action, and the final orders do not contain Civ.R. 54(B) language, they are not final,

appealable orders.  *See JP Morgan Chase Bank v. Dewine*, 3d Dist. No. 8-08-20, 2009-Ohio-87, ¶ 11.

{¶ 33}  Having determined we lack jurisdiction to review the orders, which do not constitute final, appealable orders under Civ.R. 54(B), we dismiss this appeal.

*Appeal dismissed.*

TYACK and SADLER, JJ., concur.

————————————