[Cite as *Leonard v. Georgesville Ctr., L.L.C.*, 2013-Ohio-5713.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

| | | |
|---|---|---|
| Edward Leonard, Treasurer,<br>Franklin County, Ohio, | : | |
| | : | |
| Plaintiff-Appellee, | | |
| | : | No. 13AP-441 |
| v. | | (C.P.C. No. 11CVE-02-2002) |
| | : | |
| Georgesville Center, LLC and<br>Ashraf Ettayem, | | (REGULAR CALENDAR) |
| | : | |
| Defendants-Appellants, | | |
| | : | |
| (WesBanco Bank, Inc., and<br>David W. Ramsey, Receiver, | : | |
| | | |
| Defendants-Appellees). | : | |

D E C I S I O N

Rendered on December 24, 2013

*Griffith Law Offices*, and *Matthew J. Roda*, for appellants.

*Law Office of Jeffrey B. Sams, LLC*, and Jeffrey *B. Sams*, for appellee WesBanco Bank, Inc.

*Byrne & Byrne LLP*, and *Thomas J. Byrne* for appellee David W. Ramsey, Receiver.

APPEAL from the Franklin County Court of Common Pleas

KLATT, P.J.

{¶ 1} Appellants, Georgesville Center, LLC and Ashraf A. Ettayem, appeal an April 24, 2013 order entered by the Franklin County Court of Common Pleas approving the motion of appellee, David W. Ramsey ("receiver") to retain real estate broker and to retain counsel. Because the April 24, 2013 order is not a final appealable order, this court lacks jurisdiction. Therefore, we dismiss this appeal.

{¶ 2} This case originated as an action for foreclosure on property located at 411 Georgesville Road in Columbus, Ohio, brought by the Franklin County Treasurer to recover delinquent real estate taxes. The Franklin County Treasurer also named Oak Hill Banks as a defendant based upon a mortgage identified in the complaint. Appellee, WesBanco Bank, Inc., filed an answer to the complaint alleging that it is the successor by merger to Oak Hill Banks, and therefore, it has an interest in the property pursuant to a mortgage and assignments of rent.

{¶ 3} On March 7, 2012, the trial court entered a decision and order granting appellee's motion for summary judgment. The court entered a judgment decree in foreclosure on March 22, 2012. Appellants did not appeal that judgment.[1]

{¶ 4} On October 30, 2012, appellee filed a motion for appointment of receiver. Following an evidentiary hearing, the trial court entered an order for appointment of receiver on February 14, 2013. Appellants have not appealed that order.

{¶ 5} On April 24, 2013, the trial court filed an order approving the receiver's motion to retain real estate broker and to retain counsel. This is the order appellants challenge in this appeal.

{¶ 6} Appellee has filed a motion to dismiss this appeal contending that the April 24, 2013 order is not a final appealable order. We agree.

{¶ 7} Pursuant to Ohio Constitution, Article IV, Section 3(B)(2), appellate courts' jurisdiction extends only to the review of final appealable orders. Without a final appealable order, an appellate court has no jurisdiction. *Hubbell v. Xenia*, 115 Ohio St.3d 77, 2007-Ohio-4839, ¶ 9.

{¶ 8} Appellants concede that an order that only grants a receiver's motion to retain a real estate broker and/or to retain counsel is not a finable appealable order. However, because the order at issue also approves "the valuation used by the receiver to create a listing price for the property," appellants contend that the order impacts a substantial right in a special proceeding, which according to appellants, makes it a final appealable order under R.C. 2505.02(B)(2). This statute provides that a final order includes "[a]n order that affects a substantial right made in a special proceeding or upon a summary application in an action after judgment."

---

[1] Following the filing of the judgment decree in foreclosure in favor of appellee, appellants filed a motion to vacate. The trial court denied the motion. Appellants appeal of that denial remains pending before this court.

{¶ 9}   A substantial right for purposes of determining whether a decision is final and appealable is a legal right enforced and protected by law. *Chef Italiano Corp. v. Kent State Univ.*, 44 Ohio St.3d 86, 88 (1989); *see also*, R.C. 2505.02(A)(1) (defining a "substantial right" as " 'a right that the United States Constitution, the Ohio Constitution, a statute, the common law, or a rule of procedure entitles a person to enforce or protect' ").   An order affecting a substantial right is " 'one which, if not immediately appealable, would foreclosure appropriate relief in the future.' "  *Circelli v. Keenan Constr.*, 165 Ohio App.3d 494, 2006-Ohio-949, ¶ 17 (10th Dist.), quoting *Bell v. Mt. Sinai Med. Ctr.*, 67 Ohio St.3d 60, 63 (1993).

{¶ 10} Here, appellants contend that the proposed listing price submitted by the receiver is too low, and therefore, the receiver will not obtain fair value for the property. Appellants argue that their right to receive fair value for the property is the substantial right at issue in this appeal.  Although we agree that appellants have a substantial right to receive fair value for their property, the order at issue does not affect that substantial right because appellants are not foreclosed from challenging the fairness of any future sale price.  Although an order approving a receiver's final report and approving the definitive deposition of assets is a final appealable order, an interim order setting values or otherwise covering ongoing administration of the assets is not.  *Whipps v. Ryan*, 10th Dist No. 12AP-509, 2013-Ohio-4334, ¶ 28.

{¶ 11} Because appellant is not foreclosed from contesting the fairness of any future sale price, the order at issue does not affect a substantial right.  Therefore, the trial court's order is not final and appealable and we lack jurisdiction to review the merits of appellant's appeal.  For these reasons, we grant appellee's motion to dismiss.  Because we do not believe that appellants filed this appeal in bad faith, we deny appellee's motion for sanctions and/or attorneys fees.

*Motion to dismiss granted; motion for sanctions denied; appeal dismissed.*

BROWN and CONNOR, JJ., concur.